JAMES H. CAMPBELL'S APPEAL FROM PROBATE.

Third Judicial District, Bridgeport, October Term, 1903.
TORRANCE, C. J., BALDWIN, HAMERSLEY, HALL and PRENTICE, Js.

Section 566 of the General Statutes provides that "process in civil actions," including transfers, applications for relief, and removals, shall be made returnable to the next return day, or to the next but one ; while under § 567, "appeals from justices of the peace and from other inferior tribunals" must be taken to the return day of the appellate court next after their allowance. *Held* that the Revision of 1902 had worked no change in the previously existing law, under which an appeal from probate was included in the term "process in civil actions," and that such an appeal was therefore seasonably taken if made returnable to the next return day but one.

Argued October 28th—decided December 18th, 1903.

APPEAL from an order and decree of the Court of Probate for the district of New Haven, taken to the Superior Court in New Haven County and, upon motion of the appellees, erased from the docket (*Elmer, J.*), from which

judgment the appellant appealed.   *Error, judgment set aside and cause remanded.*

*Jacob B. Ullman* and *Edward H. Rogers*, for the appellant (James H. Campbell).

*George E. Beers* and *Carl A. Mears*, with whom was *Charles A. Pelton*, for the appellees (Anna M. Shields et al.).

TORRANCE, C. J.   On the 27th of April, 1903, Campbell took the probate appeal here in question to the Superior Court to be holden on the first Tuesday of June, 1903.   On the return day the appellees, by their counsel, filed a plea in abatement for want of jurisdiction, on the sole ground that the appeal from probate had been taken to the first Tuesday of June instead of to the first Tuesday of May.   A few days later the appellees filed a motion to strike the case from the docket for want of jurisdiction, because the appeal had been taken to the first Tuesday of June.   Subsequently the court granted the motion and struck the cause from the docket. The errors assigned relate solely to the action of the court in so doing.

Whether or not the probate appeal was properly made returnable on the first Tuesday of June depends upon the construction of §§ 566 and 567 of the General Statutes.   By § 566, "process in civil actions" brought to the Superior Court must be made returnable "to the next return day, or to the next but one, to which it can be made returnable"; while by § 567, appeals from "inferior tribunals shall be taken to the return day of the appellate court next after their allowance."   If the probate appeal in this case was a "process" in a civil action, under § 566, it was properly taken; while if it was an appeal from an "inferior tribunal," under § 567, it was improperly taken.   Reading these two sections in the light of the prior legislation embodied in them, we are of opinion that the probate appeal here in question was "process" in a civil action under § 566, and therefore properly taken.

In 1876 the legislature provided that "all process in civil actions brought before the superior court in either of the counties of Hartford, New Haven, or Fairfield, may be made returnable, in addition to the first days of the respective terms in said counties, on the first Tuesday of any month except July and August: *provided* that the return day be not more then eleven weeks from the date of the process." Public Acts of 1876, Chap. 31, § 3.

Subsequently, in 1877, it was enacted "that the words 'all process in civil actions,'" in the above Act of 1876, "shall be held to include all appeals from courts of probate, where by law appeals are allowed." Public Acts of 1877, Chap. 66.

In 1886 it was enacted that "process in civil actions brought to the superior court shall not be made returnable to any term or session thereof, but shall be made returnable upon the first Tuesday of any month except July and August; *provided*, that . . . all process shall be made returnable to the next return day, or the next but one, to which it can be so made returnable, except as hereinafter provided." Public Acts of 1886, Chap. 133, § 2. By § 3 of the same Act it was provided that "process in civil actions shall include all appeals, transfers, applications for relief and removals, but this act shall not be so construed as to change the time now provided by law within which probate appeals are to be taken."

This legislation, so far as it affects the question here considered, was embodied in § 794 of the Revision of 1888 in these words : "Process in civil actions, brought to the Superior Court, which shall include all appeals, transfers, applications for relief and removals, shall not be made returnable to any term or session of said court, but shall be made returnable upon the first Tuesday of any month, except July and August; provided that . . . all process shall be made returnable to the next return day, or the next but one, to which it can be made so returnable. But this section shall not be so construed as to change the time provided and allowed by sections 640, 641, 642, 644, and 645, for taking pro-

bate appeals or appeals from the doings of commissioners on the estates of deceased or insolvent persons." The Revision of 1888 also contained, in other parts of it, the law as it then was concerning appeals from justices of the peace, and from other inferior courts, and concerning return days in the District Court of Waterbury, and in the Court of Common Pleas. During the interval between the Revision of 1888 and that of 1902, the law as to some of these matters underwent some slight changes from time to time; but the law relating to the return day of process brought to the Superior Court, as embodied in § 794 *supra*, remained unchanged even in form.

In the Revision of 1902 the law relating to the return day of appeals from justices of the peace and other inferior tribunals is embodied in § 567, while that relating to the return day of " process in civil actions " brought to the Superior Court or Court of Common Pleas is embodied in § 566. Section 566 reads as follows: " Process in civil actions, including transfers, applications for relief, and removals, if brought to the court of common pleas in New Haven county, or to the district court of Waterbury, shall be made returnable on the first Tuesday of any month; if brought to the superior court, or to the court of common pleas in any other county than New Haven, on the first Tuesday of any month except July and August; and all process shall be made returnable to the next return day, or to the next but one, to which it can be made returnable." The companion section (567) reads as follows: " All appeals from judgments of justices of the peace, and from other inferior tribunals, shall be taken to the return day of the appellate court next after their allowance; but nothing contained in this section or in § 566 shall be construed to change the time which may be expressly prescribed by statute in any particular case for taking an appeal."

It will be seen from this brief survey of the legislation touching the questions involved in this case, that for nearly twenty-five years prior to the Revision of 1902 the words " process in civil actions " included probate appeals, at least for the limited purpose of getting such causes before the

Superior Court; and that for more than fifteen years prior to the Revision of 1902 those same words also included, for the same limited purpose, "transfers, applications for relief and removals"; and all this by express legislative enactment. This enactment has never been expressly repealed, but the appellees claim that it is repealed by implication in the Revision of 1902. This claim is founded solely upon the work of the revisers as embodied in §§ 566 and 567. We think the language of these sections, read in the light of the circumstances in which the Revision was made, do not support this claim.

In the first place, "revisers are presumed not to change the law." *State* v. *Neuner*, 49 Conn. 232, 235; *Guilford* v. *New Haven*, 56 id. 465, 468. In the next place, "a mere change in the words of a revision will not be deemed a change in the law unless it appears that such was the intention. The intent to change the law must be evident and certain." Sutherland on Stat. Construction, § 256; *Westfield Cemetery Asso.* v. *Danielson*, 62 Conn. 319, 322. Again, for a quarter of a century prior to the Revision of 1902, the words "process in civil actions" included appeals from probate for the purpose hereinbefore stated, and during that period the profession throughout the State treated such appeals as so included; as did also this court in *Barber's Appeal*, 63 Conn. 393, 413. "In the interpretation of re-enacted statutes the court will follow the construction which they received when previously in force. The legislature will be presumed to know the effect which the statutes originally had, and by re-enactment to intend that they should again have the same effect." Sutherland on Stat. Construction, § 256.

The appellees claim that probate courts are "inferior tribunals," and that appeals from them are provided for in § 567. This claim is based mainly on the fact that the word "appeals," used in § 794 (Rev. of 1888) is omitted in § 566. This argument proves too much. It proves that no appeals of any kind are provided for in § 566, whereas the language of § 567 clearly implies that some appeals are pro-

vided for in § 566. The truth seems to be that the word "appeals" was omitted in § 566, because the revisers supposed that a probate appeal was an "action," under that section, for they say so in a note to that section, basing their statement on *Barber's Appeal*, 63 Conn. 393, 413; and, looking at the prior legislation upon this subject, they evidently supposed that such an appeal was included in the words "process in civil actions" as used in § 566. It is more reasonable to suppose that the word "appeals" was omitted in § 566 for the reasons stated, than it is to suppose that the revisers intended to make a radical change in the law merely for the purpose of making probate appeals an exception to all "process" brought to the Superior Court, "including transfers, applications for relief, and removals." No good reason has been shown, and none occurs to us, why such an exception should be made. For these reasons we are of opinion that the probate appeal in question here was properly taken to the first Tuesday of June, 1903, and that the court below erred in ordering it erased from the docket.

There is error, the judgment appealed from is set aside and the cause remanded to be proceeded with according to law.

In this opinion the other judges concurred.