LUCCA CAPPIELLO'S APPEAL FROM COUNTY COMMISSIONERS.

Third Judicial District, Bridgeport, October Term, 1910.
HALL, C. J., PRENTICE, THAYER, RORABACK and WHEELER, JS.

Chapter 257 of the Public Acts of 1909 provides that an applicant for a liquor license whose application is refused by the county commissioners, may, within ten days thereafter, appeal to the Superior Court "to the next return day, or to the next but one, to which it can be made returnable." *Held* that the date of the refusal, and not the date upon which the appeal therefrom was taken, was the point of time from which the next return day or the next but one was to be determined; and therefore an appeal to the third return day after the denial of the application was abatable as not seasonably taken.

Argued October 28th—decided December 16th, 1910.

APPEAL from the refusal of the County Commis-sioners of Fairfield County to grant a liquor license to the applicant, taken to the Superior Court in said county where a plea in abatement to such appeal was sustained (*Curtis, J.*) and the appeal dismissed, from which judgment the applicant appealed. *No error.*

*John J. Keogh* and *Nehemiah Candee*, for the appellant (Cappiello).

*Leo Davis*, for the appellees (remonstrants).

RORABACK, J. The appellant in this case applied to the county commissioners of Fairfield county for a li-cense for the sale of spirituous and intoxicating liquors. On January 25th, 1910, his application was refused on the ground that the location was not suitable. On February 4th, 1910, the appellant appealed from the decision rendered by the county commissioners to the Superior Court within and for Fairfield county, held on the first Tuesday of April, 1910. The first Tuesday of April, 1910, was April 4th, and on April 5th the appel-lees filed a plea in abatement, upon the ground that the appeal should have been taken either to the first Tues-day of February or the first Tuesday of March, 1910.

To this plea the appellant demurred for various rea-sons. The demurrer was overruled, the plea in abate-ment sustained, and the appeal from the county com-missioners dismissed. From this decision this appeal is taken.

The errors upon which the appellant chiefly relies are that the plea in abatement does not show when the ap-peal was perfected, and that the trial court held that although the decision of the county commissioners was rendered on January 25th, 1910, that an appeal could not be taken therefrom to the first Tuesday of April, 1910. If the date when the appeal was perfected was

material, it does not necessarily follow that the failure to state that fact in the plea in abatement makes the plea insufficient. The court will take notice of all matters apparent on the record of a case.

The right of appeal from the decision of the county commissioners in the matter of granting or refusing applications for license, was first given by chapter 175 of the Public Acts of 1893 (p. 319), which, upon the subject of appeals, provided that "such appeal shall be taken to the Superior Court to be holden in the county in which said commissioners held the session, and to the next return day of such court."

This law, as amended by Chap. 223 of the Public Acts of 1899, became § 2658 in the Revision of 1902.

In the Revision of 1902, § 566, the law relating to the return of process in civil actions provides, among other things, that all process in civil actions "shall be made returnable to the next return day, or the next but one, to which it can be made returnable." Under this section this court held that an appeal from probate was included in the term "process in civil actions." *Campbell's Appeal*, 76 Conn. 284, 56 Atl. 554.

In the year 1909, for the apparent purpose of securing uniformity as to the time when civil process and appeals from county commissioners should all be made returnable, the law now under consideration was enacted. This Act provides that "any applicant for a license for the sale of spirituous and intoxicating liquors whose application shall be refused by the county commissioners may, within ten days thereafter, appeal from such adverse decision to the Superior Court to the next return day, or to the next but one, to which it can be made returnable, and any person whose license for such sale shall be revoked by the county commissioners may, in like manner, appeal to the Superior Court to the next return day, or to the next but one, to which it can be

made returnable." Public Acts of 1909, p. 1212, Chap. 257.

The controlling question presented in this case is, what do the words of the statute, "next return day, or next but one," mean: next or next but one after the appeal, or after the refusal of the application by the county commissioners? The decision of the county commissioners, rendered upon the 25th of January, was a final judgment that terminated the litigation between the parties upon the merits of the appellant's application for a license. The appellant's right of appeal then became absolute, and an appeal, if taken, could have been made returnable to either the first Tuesday of February or to the first Tuesday of March, 1910. The language of the statute is plain that he must appeal to the next return day, or the next but one, to which the appeal can be made returnable. As we have stated, this means that the time for taking his appeal began to run upon January 25th, the date of the final order or decision of the county commissioners. Such a construction is within the letter and spirit of the statute, is fair to all parties, practical in its application, and in harmony with the purpose of the law to provide a speedy determination of cases of this nature. If the construction of the statute were as the appellant contends, he would be given any one of three Tuesdays in three different months to which he could have made his appeal returnable. Such a result could never have been intended. To allow an appeal to be taken to the third Tuesday after the date when it might have been made returnable, would make the words in the statute, "to which it can be made returnable," without meaning and wholly ineffectual to accomplish any purpose.

There is no error.

In this opinion the other judges concurred.