THE STATE OF CONNECTICUT EX REL. CHARLES ENGELKE
*vs.* THOMAS J. KILMARTIN.

Third Judicial District, New Haven, June Term, 1912.
HALL, C. J., PRENTICE, THAYER, RORABACK and WHEELER, Js.

It was the intention of the legislature, as expressed in the charter of the city of Waterbury granted by the General Assembly in 1895 (12 Special Laws, p. 464) and in chapter 145 of the Public Acts of 1895, that the governing law with respect to health matters, and the appointment of a health officer within that city, should be found in its charter utterance and not in the General Statutes.

Subsequently, by chapter 242 of the Public Acts of 1897, it was enacted that the health officer of every city and borough should hold office for the term of four years from and after the date of his appointment. The Revision of 1902 dealt with the subject of the manner of appointment of health officers in § 2531, and in § 2532 regulated their tenure of office. The former section was made applicable to every city and borough "unless the charter of such city or borough otherwise provides for the appointment of a health officer." The latter section fixed the term of office of "the health officer of every city or borough appointed under the provisions of § 2531" at four years, and went no further. *Held* that the purpose of the revision was to change the pre-existing general law so that its provisions would apply only to those cities and boroughs for which there was no charter regulation, leaving the situation in cities and boroughs for which such legislation was provided to be controlled thereby.

Sections 109 to 111 of the city charter provided for a board of commissioners of public health, and the appointment by the board of a

health officer. January 10th, 1910, the relator was appointed health officer by the board, and, by the president of the board, was declared elected for a term of four years. January 6th, 1912, the same board, its membership having changed, voted to dismiss the relator; and at the same meeting the respondent was chosen health officer, and claimed the office by virtue of the charter provisions. The charter did not prescribe any term of office for the health officer, or provide any mode for his removal. *Held:*—

1. That the relator's term of office was determined by the charter provisions and not by the General Statutes.
2. That he held office during the pleasure of the board.
3. That the vote of January 6th, 1912, was effective to remove him from office.
4. That the respondent was entitled to the office by virtue of the election of January 6th, 1912.

Argued June 6th—decided July 26th, 1912.

INFORMATION in the nature of quo warranto to determine the title to the office of health officer of the city of Waterbury, brought to and reserved by the Superior Court in New Haven County, *Ralph Wheeler, J.,* upon an agreed finding of facts, for the advice of this court. *Judgment advised for the respondent.*

The charter of the city of Waterbury as approved June 22d, 1895, contained the following sections:—

"Sec. 109. There shall be a board of commissioners of public health, consisting of five electors of the city of Waterbury, who shall be appointed by the mayor by and with the consent of the board of aldermen, who shall hold office for the term of two years. At least one member of said board shall be chosen from the board of aldermen, and at least one member shall be a practicing physician. The members of said board shall serve without compensation, and not more than three of them shall at any time belong to the same political party. The clerk of the city shall be clerk of said board.

Three members of said board shall constitute a quorum to do business. On the first Wednesday of each January said board shall elect one of its own

number president, and may at any regular meeting fill any vacancy that may occur in the office of president.

"Sec. 110. Said board of commissioners of public health may appoint or employ a health officer, a sanitary inspector, and such other agents and employés as the board of aldermen may from time to time designate and prescribe. It shall prescribe the duties of its appointees and agents, except when those duties are prescribed by ordinance, and, subject to the approval of the board of finance of said city, fix their compensation, except when it is fixed by ordinance.

"Sec. 111. Said board shall have and exercise throughout the town of Waterbury all the jurisdiction, powers, privileges, and duties now by law vested in and imposed upon the town health officers of this state in their respective towns, and no town health officer shall have jurisdiction over any portion of the city of Waterbury. Said board shall cause to be executed and enforced the health ordinances of said city. It may from time to time make such by-laws, rules, regulations, and orders as in its judgment the preservation of the public health may require, provided the same be not inconsistent with the constitution and laws of this state or of the United States, or with the charter or ordinances of said city. . . . . .

"Sec. 141. This act may be altered, amended, or repealed, at the pleasure of the general assembly; but no act, public or private, hereinafter enacted (except such as may be enacted during the session of the general assembly at its January session, 1895), shall in any wise alter, amend, or repeal any of the provisions of this act, unless it be therein specially stated that such is the intention of the general assembly."

*John P. Kellogg* and *Robert S. Walker*, for Charles Engelke, the relator.

*Francis P. Guilfoile,* for Thomas J. Kilmartin, the respondent.

PRENTICE, J.  The relator and respondent are claimants for the office of health officer of the city of Waterbury.  Each received his appointment from the same source, to wit, the board of commissioners of public health, acting pursuant to § 110 of the city charter. 12 Special Laws, p. 464.  The relator was chosen January 10th, 1910; the respondent, by a changed membership, on January 6th, 1912.  Neither questions the authority of the board to make appointments to the office as vacancies occur.  Their contention relates solely to the term upon which, under the law, an appointee enters.  The relator claims that it is one of four years; the respondent, one at the pleasure of the board. This disagreement results from the different views advanced as to what constitutes the governing law of the situation.  The relator finds it in §§ 2531 and 2532 of the General Statutes; the respondent, in §§ 109 to 111 of the charter of the city.

The relator was, by the president of the board, declared elected for the term of four years.  That declaration, however, could have no effect in creating a term different from that fixed by law.  At the meeting of January 6th, 1912, and prior to the respondent's election thereat, it was voted that the relator be dismissed; such dismissal to take effect immediately.  This summary dismissal, without cause, was equally ineffective to cut down his legal term.  It would, on the other hand, be effective to terminate a tenure of office at the pleasure of the board, and under such conditions create a vacancy.  *State ex rel. Bergin* v. *Goodrich, post,* 68, 84 Atl. 99.

Chapter 145 of the Public Acts of 1895, p. 519, supplementing chapter 248 of the Public Acts of 1893,

p. 399, applicable to towns only, provided for the appointment of a health officer, to hold office for four years, in all cities and boroughs in which no such officer was then appointed, and prescribed his duties and powers. The appointing power was designated. In cities it was the common council upon nomination by the mayor. This Act was approved May 23d, 1895, and took effect August 1st, 1895. The present charter of the city of Waterbury, in its pertinent parts, was granted at the same session of the General Assembly, and approved June 22d. It provided for the appointment of a health officer by the board of commissioners of public health. The board, which must consist of five members, of whom one at least should be a practicing physician, was vested with all the powers of town health officer, entrusted with the duty of enforcing the health ordinances of the city, and empowered to make such by-laws, rules, regulations, and orders as the preservation of the public health should, in its judgment, require. It is quite apparent that it was intended that the board should be the responsible authority in all health matters, and that the health officer should be its appointee and agent. As the law thus stood, there can be no manner of doubt that it was the intention of the legislature that the governing law with respect to health matters in the city of Waterbury, and to the appointment of a health officer within that city, should be found in its charter utterance and not in the General Statutes.

This legislation was followed in 1897 by an Act which provided that the health officer of every city and borough should hold office for the term of four years from and after the date of his appointment. Public Acts of 1897, p. 955, Chap. 242. What, in view of the somewhat remarkable provisions of § 141 of the charter of the city of Waterbury, was the effect of this legislation in fixing the term of health officers in that city, we need

not inquire. The form which the statutory regulation assumed in the Revision of 1902 renders it unnecessary to do so. Section 2531 dealt with the subject of the appointment of city and borough health officers. It prescribed the manner of such appointment, applicable to every city and borough "unless the charter of such city or borough otherwise provides for the appointment of a health officer." The following section (2532) established the term of office of "the health officer of every city or borough appointed under the provisions of § 2531" at four years. With respect to the manner of appointment, or term of office, of health officers in other cities or boroughs, the Revision remained silent. There has been no change of present pertinence in the law.

The relator urges that the form which the statutory regulation took in the Revision should not be regarded as effecting a change in the law, as the Act of 1897 left it, through the application of the familiar principles that revisers are presumed not to change the law, and that mere changes in words by them will not be deemed to accomplish changes in the law unless it appears that there was an intention to make such changes. *Ross* v. *Crofutt*, 84 Conn. 370, 80 Atl. 90; *Campbell's Appeal*, 76 Conn. 284, 288, 56 Atl. 554. The intent to change the law must, indeed, be evident and certain. But in the present instance it is quite impossible not to discover it in the character and scope of the change which the Revision embodies. There is something more than a mere change of words or phrase. There is incorporated into the two sections involved the treatment of special subject-matter which the pre-existing law wholly ignored. This subject-matter is carefully defined and intelligently and consistently dealt with. It is difficult to account for the presence in the two sections of this subject-matter, or the kind of treatment

it received, upon any other theory than that a change was intended, and one which should limit the application of the general law to those cities and boroughs for which there was no charter regulation, and leave the situation in cities and boroughs for which such regulation was provided to be controlled thereby.

We have, then, to look to the city charter for the governing law. We find that, while the appointing power is defined, the term of office is not. In such case, in the absence of some provision of law to the contrary or defining the mode of removal, the officer is regarded as holding at the will of the appointing power, on the theory that the power of removal is incident to that of appointment. *Ex parte Hennen,* 13 Pet. (U. S.) 230, 259; *Fairfield County Bar* v. *Taylor,* 60 Conn. 11, 12, 22 Atl. 441; *State ex rel. Reiley* v. *Chatfield,* 71 Conn. 104, 112, 40 Atl. 922; *People ex rel. Corrigan* v. *Mayor of Brooklyn,* 149 N. Y. 215, 223, 43 N. E. 554; *Murphy* v. *Webster,* 131 Mass. 482, 488.

As the term for which the relator was chosen was one at the pleasure of the board, it was, in the absence of legislation to the contrary, acting within its rights in dismissing him, and in appointing the respondent as his successor.

The Superior Court is advised to render judgment for the respondent.

In this opinion the other judges concurred.