THE NEW HAVEN LOAN COMPANY *vs.* ALFONSO AFFINITO ET ALS.

MALTBIE, C. J., HINMAN, BANKS, AVERY and BROWN, JS.

Argued October 8th—decided November 6th, 1936.

*Ephraim Edward Sinn,* for the appellants (defendants).

*Max H. Schwartz,* with whom, on the brief, was *Alexander Winnick,* for the appellee (plaintiff).

AVERY, J. This case is an appeal from a judgment abating the defendants' appeal from the City Court of New Haven to the Court of Common Pleas. On January 24th, 1936, the City Court of New Haven rendered judgment against the defendants; on January 29th, the defendants filed a notice of appeal from the judgment rendered against them "to the next term of the Court of Common Pleas to be held at New Haven;" and, on that day, their appeal was allowed. On February 3d, the clerk of the City Court of New Haven returned the transcript of the file in the case to the clerk of the Court of Common Pleas. The day following, which was the first Tuesday of February, the defendants appeared by counsel in the Court of Common Pleas and the plaintiff filed a plea in abatement to the appeal. To this plea, the defendants demurred; the demurrer was overruled and the plea in abatement sustained. The defendants thereupon filed a motion to permit the filing of an amendment to the notice of appeal. The only change effected by the amendment was to substitute the words "next return day" for the words "next term" in the original notice of appeal. The motion to amend was denied, and thereafter the defendants filed an answer to the plea in abatement. After a hearing upon the pleadings and a stipulation of facts, the Court of Common Pleas sustained the plea in abatement and rendered judg-

ment dismissing the appeal, from which the defendants have appealed to this court.

General Statutes, § 5325, provides that terms of the Court of Common Pleas shall be held in New Haven County at New Haven on the fourth Tuesday of September. Consequently, at the time of the filing of the defendants' appeal, the "next term" of the Court of Common Pleas to be held at New Haven would have been the fourth Tuesday of September, 1936. General Statutes, § 5465, requires that all appeals from judgments of justices of the peace and from other inferior tribunals, shall be taken to the return day of the appeal court next or next but one after their allowance. Section 5464 provides that the first Tuesday in each month shall be the return day for the Court of Common Pleas in New Haven County. As the defendants' appeal was allowed on January 29th, 1936, the next return day of the Court of Common Pleas or the next but one would have been the first Tuesday in February or the first Tuesday in March, 1936; and under the provisions of General Statutes, § 5465, the defendants had the option of appealing to the Court of Common Pleas to either of the return days. They, instead, made the appeal returnable to the next term of the Court of Common Pleas which would have been the fourth Tuesday in September, 1936. A plea in abatement is an appropriate remedy for an irregularity in taking an appeal to the wrong term of court. *State* v. *Caplan,* 85 Conn. 618, 621, 84 Atl. 280; *Farnham* v. *Lewis,* 83 Conn. 134, 136, 75 Atl. 625; *Murphy* v. *Elms Hotel,* 104 Conn. 351, 354, 133 Atl. 106. The demurrer to the plea in abatement was properly overruled.

It appears, however, that the defendants, after their demurrer to the plea in abatement had been overruled, asked permission to amend the notice of appeal by substituting in the notice the words "next return day"

in place of the words "next term." General Statutes, § 5536, provides: "CIRCUMSTANTIAL DEFECTS NOT TO ABATE PLEADINGS. No writ, pleading, judgment or any kind of proceeding in court or course of justice shall be abated, suspended, set aside or reversed for any kind of circumstantial errors, mistakes or defects, if the person and the cause may be rightly understood and intended by the court;" and § 5538 provides: "AMENDMENT AFTER PLEA IN ABATEMENT. If any plea in abatement of any process be ruled in favor of the defendant, the plaintiff may amend the defect on paying to the defendant his costs to that time. . . ." The appeal of the defendants from the judgment of the City Court of New Haven to the Court of Common Pleas was clearly "process" within the intendment of this section. *Campbell's Appeal*, 76 Conn. 284, 285, 56 Atl. 554. The appeal in this case was taken to the right court, and the irregularity of taking it to the "next term" of that court instead of the next return day or the next return day but one did not affect the jurisdiction of the appellate court. *Spencer* v. *Broughton*, 77 Conn. 38, 41, 58 Atl. 236; *Hayden* v. *Fair Haven & W. R. Co.*, 76 Conn. 355, 357, 56 Atl. 113. It follows that the Court of Common Pleas was in error in denying the defendants' motion to amend.

There is error; the cause is remanded to the court of Common Pleas for New Haven County for further proceedings in accordance with law.

In this opinion the other judges concurred.