[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
RULING RE: DEFENDANT'S MOTION TO DISMISS (FILE #104)
This action is an appeal from the decree of the Hartford Probate Court allowing and approving defendant's annual and final accounts as the conservator of plaintiff's estate. Defendant has moved to dismiss the appeal under Practice Book CT Page 1606 Sections 142 and 143(4) and (5).
Plaintiff's estate was placed under conservatorship on August 5, 1991; plaintiff was restored to legal capacity on January 30, 1993. On June 10, 1993, the Probate Court allowed the conservator's annual account, which covered the period from August 5, 1991 to August 4, 1992, and her final account covering the period from August 5, 1992 thru March 28, 1993. On June 24, 1993, plaintiff filed a motion for appeal in the Probate Court alleging that he was aggrieved by the decree allowing said accounts; the motion recited a return date for the appeal in the Superior Court of July 27, 1993. By decree of the Probate Court (Hon. Robert K. Killian, Jr.) dated June 24, 1993, this appeal was allowed, with the return date of July 27, 1993, and it was ordered as follows: "that notice of the appeal be given to [defendant] . . . by some proper officer serving on her in the manner prescribed for the service of civil process a true and attested copy of the motion for appeal and of this order at least twelve days before the return date of the appeal, and that due return of such service be made to the Superior Court and to this Court." The sheriff's return indicates that on July 13, 1993, a certified copy of the motion for appeal, and the probate decree allowing the appeal, were served on defendant, and additionally, on July 15, 1993, such documents were delivered "to the Clerk in Charge of the Superior Court, 95 Washington Street . . ."
After the process had been delivered to the Superior Court Clerk, plaintiff's attorney was notified that the filing fee of $150.00 had not been paid. On July 27, 1993, the fee was paid and another set of the appeal papers was filed with the Superior Court. Thus, the appeal pending in this court bears a file stamp date of July 27, 1993.[1]
Defendant has moved to dismiss the appeal on the basis that the process was not returned to the Clerk of the Superior Court at least six days before the return date, as required by General Statutes Section 52-46a.[2] In support of the motion to dismiss, defendant has submitted memoranda of law and copies of various legal authorities cited at oral argument. Plaintiff has submitted a memorandum of law in objection to the motion, together with the following annexed documents: (a) sheriff's return dated 7/13/93; (b) form letter from the Hartford Probate Court under cover of which the motion for CT Page 1607 appeal, and the decree allowing same, were forwarded to plaintiff/appellant's attorney; and (c) the affidavit of plaintiff's attorney dated 12/8/93.[3]
"For purposes of mesne process, a probate appeal is considered a civil action." Campbell's Appeal, 76 Conn. 284
(1903); Bergin v. Bergin, 3 Conn. App. 566, 568 (1985). Therefore, the process in such an appeal must be returned to the Clerk of Court in conformity with the requirements of Section 52-46a; that is, the process in civil actions must be returned at least six days before the return date. 3 Conn. App. supra at p. 568. A late return of the process does not render an action void, but simply voidable. Bergin v. Bergin, supra p. 569; William J. Petzold, Inc. v. Commissioner of Revenue Services, 39 Conn. Sup. 247, 249 (1984). "`Where the return of service is not timely . . . the courts have uniformly held that the defect cannot be cured by amendment.'" Bergin v. Bergin, supra at p. 569; William J. Petzold, Inc. v. Commissioner of Revenue Services, supra. The rationale is that once the date for return has passed, there is nothing before the court which can be amended. 39 Conn. Sup. supra at p. 249.
Section 52-259 provides that there "shall be paid to the [Clerk] . . . for each civil cause in the superior court, one hundred fifty dollars." It has been held that process is not filed with the court until the payment of the filing fee. See: Van Mecklenburg v. Pan American World Airways, Inc.,196 Conn. 517 (1985); Monsees v. Cigna Prop. Cas. Ins., ___ CSCR ___ (Hfd. J.D. 3/19/93) ("plaintiff's application was `made' at the time of filing, and . . the date the application was `filed' was the date upon which plaintiff paid his filing fee"); Lawrence Memorial Hospital v. Town of East Lyme, et al, 7 CSCR 1265 (New London J.D. 10/23/92) ("initial filing of the appeal unaccompanied by the required entry fee did not constitute a filing."); Sidor v. Connecticut Natural Gas Corporation, et al., 5 Conn. L. Rptr. 259 (Stamford J.D. 11/20/91) ("proper fee was not paid until April 29, 1991 and therefore, the process was not returned to the clerk until that date.").
Here, the return date was July 27, 1993. Section 52-46a
requires process in civil actions to be returned to the Clerk "at least six days before the return date." A probate appeal is considered a civil action. Bergin v. Bergin, supra. As CT Page 1608 the required filing fee was not paid until July 27, 1993, the process was not returned to the court until that date; therefore, the filing was not in conformity with the Section52-46a time requirement. Accordingly, the appeal is voidable, and since defendant did not waive the defect, this action is subject to dismissal.
Plaintiff maintains that the appeal should not be dismissed because a late return of the process, predicated upon late payment of the filing fee, is merely a "circumstantial" defect within the meaning of General Statutes Section 52-123.[4] "The statute is used to provide relief from defects in the text of the writ itself, but is not available to cure irregularities in the service of return of process." (Emphasis added). Rogozinski v. American Food Service Equipment Corporation, 211 Conn. 431, 434 (1989). Here, as defendant contends, the error concerns the filing and return of process, not mistakes or defects contained in the text of the writ or initiating pleading.[5]
Plaintiff further contends that there is language in Coughlan v. Murphy, 134 Conn. 601 (1948) indicating that once an appeal from probate has been "properly" taken and allowed, the jurisdiction of the Superior Court attaches over the cause. However, with regard to whether the appeal was properly taken, the Court in Bergin held that a late return of process constitutes a "substantive defect," and further, that the failure to comply with the statutory requirements deprives the Superior Court of jurisdiction to entertain the appeal. 3 Conn. App. supra at p. 568.
In the court's view, the present case is not controlled by Plasil v. Tableman, 223 Conn. 68 (1992). Plasil was litigation involving a partnership dispute and not an appeal to the Superior Court created and governed by statute. Here, unlike Plasil, there was no original action which had been dismissed with specific leave granted to the plaintiff to cure the defects by re-service of the process, and thereby maintain the action and secure a reinstatement of pre-judgment remedies for which probable cause had been found previously. In this case, the official court file shows this appeal filed on two dates (July 27 and 28, 1993), both of which do not conform to the Section 52-46a time requirement; and, there is no basis on which to conclude that there was a proper filing (with the entry fee) prior to the dates stamped on the process.[6]
CT Page 1609
In the Plasil case, the Supreme Court, quoting language in Bridgeport v. Debek, 210 Conn. 175, 178 (1989), made reference to "the special circumstances of administrative appeals." Just as the right to appeal from determinations made by administrative agencies exists solely by virtue of statute, the Court in Bergin recognized that the "right to appeal from the decision of a Probate Court is purely statutory . . . and the requirements fixed by statute for taking the appeal must be met." 3 Conn. App. supra at 568. The Bergin court, which dismissed the appeal for noncompliance with Section 52-46a, noted that "time limitations `on the enforcement of a right, created by statute and not existing at common law [are] a part of the right and must be met in order to provide a court with jurisdiction to hear the cause of action.'" Id. at p. 569.
The court regrets the preclusion of plaintiff from asserting claims relating to the conduct of a former fiduciary of his personal estate; and, it is not the court's intention "to exalt technicalities above substance." However, in the court's view, the issue raised on the instant motion is controlled by the Bergin and Van Mecklenberg decisions; it is the court's responsibility to follow and apply established precedents.
In terms of mesne process, a probate appeal is considered a civil action. The time requirements of Section 52-46a
pertain to this appeal. Since the filing fee was not paid until July 27, 1993, which is the earliest date the appeal papers were file/stamped in the Superior Court Clerk's office, the requirements imposed by Section 52-46a were not complied with by plaintiff. Therefore, the pending action is voidable; defendant has not waived the late return of process defect. That defect is not circumstantial within the meaning of Section 52-123.
For the reasons stated herein, defendant's motion to dismiss is hereby Granted.
Mulcahy, J.
Endnotes