[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS
This is an appeal from a decision of the Bridgeport Probate Court, which made orders to the appellant, Judith N. Melko, on the use and occupancy of the decedent's property. The defendant, Robert M. Zeisler, as executor of the defendant estate has filed a motion to dismiss the appeal for lack of jurisdiction because service of the appeal and its return to court were not made in accordance with 52-46 and 52-46a of the General Statutes.
A review of the court file, shows that the order of the Bridgeport Probate Court was made on September 9, 1993. The appeal was filed on October 8, 1993 and was allowed by the Probate Court on October 28, 1993, and was brought in compliance with 45a-187 of the General Statutes, which requires a probate appeal to be taken within 30 days thereafter. The appeal had a return day of November 30, 1993. The appeal was served on December 22, 1993 and was filed in the Superior Court on December 27, 1993, 27 days after the return date. The defendant filed a motion to dismiss the appeal within 30 days of filing an appearance as required by 142 of the Practice Book.
Section 52-46 of the General Statutes requires civil process be served at least twelve days before the return date. For purposes of service of process, a probate appeal is considered a civil action. Campbell's Appeal, 76 Conn. 284, 287-289. Where a statute requires an appeal to be served a stated number of days prior to the return date, failure to comply is a jurisdictional defect. See Daley v. Board of Police Commissioners, 133 Conn. 716,719. In addition, 52-46a requires the appeal to be returned to the Superior Court at least six days before the return day. Failure to comply with this statute goes to subject matter jurisdiction and requires the dismissal of the appeal. Rogozinski v. American Food Service Equipment Corp., 211 Conn. 431, 433
(appeal filed 5 days before return date instead of six as required by 52-46a C.G.S.). Here the appeal was not returned to the court until well after the return date which is a jurisdictional defect not curable by amendment. Arpaia v. Corrone, 18 Conn. App. 539, CT Page 3808 540-41; see also Bergin v. Bergin, 3 Conn. App. 566, 569. Since the court does not have subject matter jurisdiction over the appeal, it cannot use its equitable powers to allow a late appeal as requested by the appellant.
The motion to dismiss is granted.
ROBERT A. FULLER, JUDGE