[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISMISS
The defendant moves to dismiss the plaintiff's administrative appeal from the action of a water pollution control authority on the ground this court lacks subject matter jurisdiction. The issues presented are (1) whether the limitation period for taking an appeal under General Statutes § 7-255 is tolled by the service of the appeal on the defendant or the filing of the appeal with the clerk of the court and (2) whether the failure of the plaintiff to set a return date within the time period specified by § 7-255
implicates subject matter jurisdiction or personal jurisdiction. For the reasons stated below, the court resolves these issues in favor of the plaintiff and therefore denies the motion to dismiss.
The plaintiff Town of Trumbull brought this appeal claiming it is aggrieved by the action of the Water Pollution Control Authority of the City of Bridgeport establishing charges for the use of Bridgeport's sewer system. The appeal was served on the defendant on July 6, 1993, and was filed with the clerk of the Superior Court on August 10, 1993. The appeal document has a return date of August 17, 1993. On October 5, 1994, the defendant filed its motion to dismiss.
The defendant contends this court lacks jurisdiction for two reasons. First, the defendant argues that the plaintiff did not take the appeal within the twenty-one day period set forth in General Statutes § 7-255. Second, the defendant argues the plaintiff did not set a return date within the time period specified in § 7-255.
As to the first issue, the time limit for appeals from the establishment or revision of use charges is set forth in § 7-255. CT Page 5955-B This statute provides that the water pollution control authority must file a copy of its charges in the office of the clerk of the municipality. The statute further provides that the public notice of the authority's charges "shall state that any appeals from such charges must be taken within twenty-one days after such filing." The defendant argues that an appeal is not taken under §7-255 until the appeal is filed with the clerk of the court. The plaintiff, on the other hand, argues that an appeal is taken when it is served on the defendant.
In Deary v. Town of Stonington Water Pollution ControlAuthority, 10 CONN. L. RPTR. 395 (1993) (Teller, J.). a judge of this court interpreted similar language in General Statutes § 7-250. This statute relates to the levying of benefit assessments for sewers and provides, in part, that "such publication and mailing shall state . . . that any appeals from such assessment must be taken within twenty-one days after such filing." In Deary, the court concluded that an appeal under § 7-250 is taken when served on the defendant. This court adopts the reasoning of the Deary opinion and concludes that an appeal under § 7-255 is taken when served on the defendant. The appeal in this case was served within twenty-one days after a copy of the charges was filed in the office of the clerk of the municipality. Accordingly, this court finds the appeal was taken within the statutory time period.
As to the second issue, the plaintiff did not set a return date within the time period specified by § 7-255. This statute provides that the appellant "shall bring any such appeal to a return day of said court not less than twelve or more than thirty days after service thereof." The appeal was served on July 6, 1993. The return day of August 17, 1993, is more than thirty days after the day of service. The defendant argues that an incorrect return day implicates the subject matter jurisdiction of this court and that the appeal must therefore be dismissed. The plaintiff, on the other hand, argues that such a defect implicates personal jurisdiction, not subject matter jurisdiction. The plaintiff further argues that the defendant waived its right to CT Page 5955-C contest personal jurisdiction by failing to file a motion to dismiss within thirty days of the date an appearance was first filed on behalf of the defendant.
The Supreme Court has indicated that a defective return date does not deprive a court of subject matter jurisdiction. ConceptAssociates, Ltd. v. Board of Tax Review of the Town of Guilford,229 Conn. 618, 625 n. 8, 642 A.2d 1186 (1994); New Haven Loan Co.v. Affinito, 122 Conn. 151, 154, 188 A. 75 (1936). Rather, the defect affects the personal jurisdiction of this court and therefore may be waived as a ground for dismissal. The defect was waived in this case. The defendant filed its motion to dismiss more than thirty days after an appearance was first entered on behalf of the defendant See Practice Book § 142.
The motion to dismiss is denied.
CT Page 5955-D