[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM FILED JULY 31, 1996
In this case an appeal was filed by the plaintiff from a decision of the defendant Department of Social Services. The appeal was filed and served on the defendant within forty-five days from the decision of the Department as provided for in Section 4-183 (c) of the General Statutes. The appeal, however, did not contain a return date. The matter was filed in court on October 24, 1995. The file contains a document dated January 25, 1996 which indicates the defendant was defaulted "for failure to appear and defend." Notice of this action taken by the court's CT Page 5169 case flow coordinator was mailed out on January 29, 1996. On March 15, 1996 the assistant Attorney General filed an appearance for the defendant along with a motion to dismiss. The motion claims the court lacks jurisdiction because of the failure to include a return date in the papers served and filed in court. The plaintiff objects to the motion to dismiss and has also filed a motion to amend her civil process by filing the same appeal papers but adding a "return date" which appears above the case heading on the first page of the appeal.
Section 4-183 does not provide for a return date neither do the sections of the Practice Book governing procedure in administrative appeal cases. But § 257 does refer to Section 114 of the Practice Book in reference to the time within which the defendant administrative agency must file its answer. Section 114 uses the return date as the bench mark from which to determine when pleadings must be filed. So the Practice Book assumes there will be a return date set forth in an administrative appeal. Haylett v. Commission on Human Rights Opportunities, 207 Conn. 547, 554 (1988), indicates that Section52-48 (b) applies to administrative appeals under Section 4-183
(b). Section 52-48 (b) says that "all process shall be made returnable not later than two months after the date of process and shall designate the place where court is to be held." A return date then should be set forth in appeals from administrative agencies.
The question presented is whether failure to include the return date is a jurisdictional defect which requires dismissal of the appeal. Is it a question of jurisdiction over the subject matter? That would not seem to be so since trial courts have jurisdiction over administrative appeals of the type now before the court. But I suppose because appeals from administrative agencies are provided for only by statute and such statutes must be strictly complied with, failure to so comply is a question of subject matter jurisdiction of a sort. But the statute here, § 4-183 of the General Statutes, does not say anything about requiring a return date so it is difficult to see how reference to the last mentioned doctrine is much help on the particular question before the court. Is it a question of jurisdiction over the person? I suppose it could be looked on in that way but that perhaps is an odd way of approaching the problem since service was made within the forty-five day period set forth in § 4183 (c). The defendant notes that the return date is not an "insignificant" matter, scheduling of the case is made with CT Page 5170 reference to the return date. Absent a return date, no appearance would be required under P.B. § 66 from the defendant. Thus the defendant claims it is "prejudiced by lack of knowledge regarding the time at which filings are due" (page 3 of brief).
This just mentioned argument focuses the problem which is whether failure to include the return date is to be considered presumptive proof of prejudice, therefore, turning the claim into one of subject matter jurisdiction. If not the defendant should have to show actual prejudice, and, absent such a showing a motion to amend should be allowed because in fact there must be a return date. In Chestnut Realty, Inc. v. CHRO, 201 Conn. 350
(1980), the plaintiff used an improper form to commence an administrative appeal. The court held that, absent a showing of prejudice, mistaken use of a certain form did not require dismissal of the appeal. The court noted that the form actually used apprised "all concerned that a lawsuit had been instituted . . . (contained) notice of the return date and the requirement for filing an appearance and also (directed) a competent authority to summon the defendant," thus the court held "the policy of giving notice to the defendant of the nature of the proceedings has been served," id. page 357.
Here there is no question of competent authority to summon the defendant, the statute provides for service by mail and the defendant does not claim it did not get the appeal papers so it received notice of the suit and the claims being made and the court in which the suit was filled. Does the fact that, besides these factors, the return date was not included mean that Chestnut Realty would require dismissal? In Concept Realty Ltd.v. Board of Tax Review, 229 Conn. 618, 625 (1994), at footnote 8 the court refers to New Haven Loan Co. v. Affinito, 122 Conn. 151,154 (1936), and in doing so stated because of the fact that the court was allowing an amendment under § 52-72 "we need not consider the broader question of whether, in the absence of General Statutes § 52-72, the use of a defective return date would deprive the court of subject matter jurisdiction."
From that perspective from the point of view of prejudice how can the use of a defective return date be distinguished from no return date at all where the appeal was actually served and the correct court was indicated. In New Haven Loan Co. v. Affinito,122 Conn. 153 (1936), a statute provided that in appeals to the old Court of Common Pleas from the City Court the statutory language required that the appropriate return date was "the CT Page 5171 return date of the appeal court next or next but one," id. page 153. That meant that the appropriate return dates would have either been the first Tuesday in February or the first Tuesday in March. The defendant's appeal was made returnable "to the next term of the Court of Common Pleas" which would have been the fourth Tuesday in September. Because of this the plaintiff filed a plea in abatement. The defendant's demurrer was overruled since the trial court appropriately recognized that the plea was an appropriate way to raise this defect. But the Supreme Court held the trial court erred in not allowing the defendants, after their demurrer had been overruled, to amend their notice of appeal by "substituting in the notice the words `next return day' in place of the words `next term,'" id. pp. 153-54. The court referred to what is our present § 52-123 which says no writ, pleading or judgment shall be abated "for any kind of circumstantial errors, mistakes or defects if the person and the cause may be rightly understood and intended by the court." In effect as Judge Berdon noted the mistake as to the return date did not defeat the court's jurisdiction so that pursuant to § 52-123 ordinary amendment could be allowed without even resort to § 52-72. Although some return date was referred to in Affinito, given the fact that it was six months after any possibly appropriate one, it is hard to distinguish Affinito from the case now before the court on the basis of a jurisdictional analysis. Tucker v.Neighborhood Legal Services, 4 Conn. App. 209 (1985), is not on point because although the court noted that the trial court did not allow the plaintiff to amend his return date "so he could continue efforts to effect service," the court found no abuse of discretion because the return date was more than two months after the date of process which is beyond the time mandated for return of service by § 52-48 of the General Statutes. But in Tucker
the problem was not with a defective return date or no return date at all. The court noted a more basic problem; the defendants were "not served with process either personally or by abode services or given any other form of notice authorized under our procedure to establish jurisdiction of the person," id. p. 14.
I conclude then that a defective return date or even lack of a return date will not defeat this court's jurisdiction. Or to put it another way such defects are at least not presumptively prejudiced so as to require the granting of a motion to dismiss. The language of Tolly v. Department of Human Resources, 225 Conn. 13
(1993), supports this position when read closely. There at pages 28-29 the court said: CT Page 5172
 If, however, as in this case, there is an arguable defect in the process that was timely served on the agency — namely, a lack of specific language in the appeal directing the defendant to file an appearance on or before the second day after the return day — rather than a failure to make service at all within the applicable time period, the court does not lack subject matter jurisdiction over the appeal. Under those circumstances, § 4-183 (d) applies, and the appeal is dismissible only upon a finding of prejudice to the agency. In this case, the defendant does not claim any prejudice, and it would be difficult to perceive any, because presumably the attorney general knew the significance of a return day stated on an administrative appeal.
 The conclusion that the subject matter jurisdiction of the court is implicated only if there is a total failure to serve the agency within the statutory forty-five day period and not if there is merely a defect in the document timely served on the agency, is also consistent with our established jurisprudence regarding subject matter jurisdiction. "Subject matter jurisdiction is the power of the court to hear and determine cases of the general class to which the proceedings in question belong. LeConche v. Elligers, 215 Conn. 701, 709, 579 A.2d 1 (1990), quoting Shea v. First Federal Savings Loan Assn. of New Haven, 184 Conn. 285, 288, 439 A.2d 997 (1981)." (Internal quotation marks omitted.) Lauer v. Zoning Commission, 220 Conn. 455, 460, 600 A.2d 310 (1991). The determination of whether a statutory requirement implicates the subject matter jurisdiction of the court "must be informed by the established principle that every presumption is to be indulged in favor of jurisdiction." (Internal quotation marks omitted.) Id." Emphasis added.)
In other words the court seems to be saying that for § 4-183
purposes where service has been made a defect in the document served on the agency is only allowable where actual prejudice is shown.
Where is the actual prejudice here? There is no claim that part of the record has disappeared or that evidence or witnesses the defendant wanted the Superior Court to hear in addition to CT Page 5173 the record have disappeared or otherwise become unavailable. This does not appear to be the type of case where plaintiffs error prejudiced the state's position as to the underlying merits of the dispute between the parties. This is not, for example, an environmental matter where any confusion caused by the plaintiff's action would bring about delay and an aggravation of the underlying environmental threat which the state sought to regulate in the first place.
I do not believe the matter should be dismissed and the plaintiff is permitted to amend the complaint.
CORRADINA, J.