MEMORANDUM OF DECISION OF DEFENDANT’S MOTION TO DISMISS and PLAINTIFF’S CROSS MOTION TO AMEND SUMMONS
GUERNSEY, Chief Judge.
The Plaintiff, proceeding pro se, brought this action pursuant to MTO 2001-07 for injuries alleged to have occurred July 7, 2002. The summons, form GDC-20, did not contain a return day as required by G.D.C.P. S 7(b), and the Defendant moved to dismiss on this basis. In response, the Plaintiff filed an Affidavit in Opposition to Motion to Dismiss, and a Cross Motion to Amend the Summons. The Plaintiff argues that the Clerk of the Court should have alerted her to this defect, and seeks to have the summons amended by the Court. Although the Plaintiff is seriously in error regarding the duties of the Clerk of the Court, the Court agrees that “there is a preference ‘to bring about a trial on the merits of a dispute whenever possible and to secure for the litigant Ms day in court.’ ” Vaillant v. City of Norwalk, 27 Conn. L.Rptr. 668, 2000 WL 1227308, (Conn. Superior Ct.2000), quoting Coppola v. Coppola, 243 Conn. 657, 665, 707 A.2d 281 (1998).
*558 A return day may be amended pursuant to Conn. Gen.Stat. § 52-72. The failure to include a return day, as opposed to including an improper return day, has been considered by the Connecticut Superior Court, and found by some judges not to be presumptively, prejudicial so as to require dismissal, but rather only upon a finding of prejudice. In re Dawn F., 22 Conn. L.Rptr. 231, 1998 WL 310834 (Conn.Superior Ct.1998), citing Regan v. State Department of Social Services, 17 Conn. L. Rptr. 253 (1996) (Corradino, J.)
The process in the instant case is dated April 2, 2000. Pursuant to G.D.C.P. § 7(b) the return day may be any Tuesday at least 30 days after April 2, 2000 but not more than 60 days after sueh date. The Plaintiffs Motion to Amend the Summons is granted and the Plaintiff is directed to select a return day within 15 days from the date of this order.
The Defendant’s Motion to Dismiss is denied in the absence of demonstrable prejudice to the Defendant.