## West's Ex'rs *versus* Nixon's Ex'rs.

1. In practice a return is often made after the return day, and is sometimes allowed to be made after the lapse of several years, to avoid apparent irregularities.

2. Where a writ is a nullity, the defendant should ask the court to strike it off.

3. It is irregular to try one process, in proceedings on another, and it cannot be done.

The opinion of the court was delivered February 15th, 1858, by

THOMPSON, J.—The affidavit of defence in this case was not to the plaintiff's claim, but to the process; alleging want of regularity in the original *scire facias*, and that the return of the sheriff upon it was some considerable time after the return day. The writ issued on the 10th of October, 1856, and was marked discontinued on the 10th of November following. On the 27th of December, a rule to show cause why the discontinuance should not be stricken off and the cause reinstated was had, and on the same day the rule was made absolute; after which, on the 2d of January, 1857, the sheriff by leave of court returned the writ "*tarde venit.*" This return was good, and could be made as well after as before the return day. In practice this often occurs, and is sometimes allowed to be made after a lapse of several years, to avoid apparent irregularities. Everything connected with the writ that had the appearance of irregularity was amended, excepting a clerical error, as to the amount of the judgment, which was amendable by the precipe, before the *alias scire facias* issued on which the judgment in this case was entered. On the 31st of January, 1857, the alias issued, was served on one of the defendants, and returned "*mortuus est*" as to the other. Appearance was entered to the case and affidavit of defence filed. It is not easy to perceive how any difficulty can arise under this state of the facts as to the judgment entered for want of a sufficient affidavit of defence. There was no delay to work a discontinuance of the original *scire facias*. The alias was issued without the interval of a term, and there was an appearance to it. If the first writ had been a nullity,

[Roberts et al. *v.* Guernsey.]

the defendant should have asked the court to strike it off; and if he had succeeded in this perhaps he might have achieved his point. It would then have been for the court to have said whether the second writ, under the circumstances, should be treated as an original or not, on account of irregularities and delay, operating as a discontinuance of the first writ. If they had come to this conclusion, still the plaintiff would have been entitled to his judgment. But it is irregular to try one process, in proceedings on another. It cannot be done. 1 Wils. 16. The original writ is right on the record, and the *alias* without objection. We decide nothing but what is before us. The question of *lien* is not here, and whether the proceedings are such as to continue the lien, if any existed, we are not called upon to decide at this time. A party has a right to revive his judgment whether it continues a lien or not, or whether he gains anything by it or not. If he can get nothing by the operation, he has still the privilege of keeping his debt alive if he chooses to pay the expense of it.

Judgment affirmed.