## JOHN DONOVAN'S APPEAL FROM PROBATE.

The statute (Gen. Statutes, tit. 11, sec. 91,) provides that the court of probate, in allowing an appeal, shall make such order of notice to the parties adversely interested as it shall deem reasonable, and that, such notice having been given, the Superior Court may hear the case at the first term or order such further notice as it shall judge proper. Held, that the provision as to an order of notice by the probate court was merely directory, and that the Superior Court acquired jurisdiction of the appeal although no order was made, and could itself order such notice as it should judge proper.

Appeal from the doings of commissioners on an insolvent estate; taken to the Superior Court in New Haven County. Plea to the jurisdiction of the court; demurrer to the plea; and reservation for advice. The case is fully stated in the opinion.

*Gillette*, with whom was *Webster*, for the appellant.

*Terry*, for the appellee.

CARPENTER, J. This appeal is from the decision of commissioners on an insolvent estate. The court of probate caused no notice to be given to the adverse party. The appeal was returned to the September term, 1871, and, at the May term following, the Superior Court issued an order of notice, which appears to have been duly served upon the appellee. The appellee appeared and filed a plea to the jurisdiction. His claim seems to be this; that the Superior Court acquired no jurisdiction by the appeal, inasmuch as no notice was served upon him at the time.

There is a material difference in this respect between the appellate jurisdiction of the Superior Court and original jurisdiction. In respect to the latter, the statute is imperative, that the declaration or petition, as the case may be, shall be accompanied with a summons, which shall be duly served on the adverse party at least twelve days before the session of the court. Such notice, unless waived, is essential to give the court jurisdiction. It is otherwise in appealed cases. In ordinary actions, appealed from inferior courts, all parties interested are supposed to be in court when the appeal is taken, and are bound to take notice thereof; consequently no formal notice is required. Proceedings before the court of probate are of a less formal character. Sometimes all parties interested are present, but more frequently some of them are absent. The appeal may be taken at the time judgment is rendered, or it may be taken subsequently. In either case the statute provides that the court of probate shall cause such reasonable notice to be given to parties interested as may be deemed proper, but such notice is not essential to give

the appellate court jurisdiction of the cause. The provision requiring notice is in an independent section of the statute, relates to the duties of the court of probate and not of the appellant, and is merely directory. The provision allowing an appeal confers upon the party aggrieved an absolute right of which he cannot be deprived by any omission of the court of probate. When the appeal is properly taken and allowed, the jurisdiction of· the Superior Court over the cause attaches. That jurisdiction cannot be defeated by the neglect of the court of probate to issue an order of notice. But the Superior Court will not proceed with the cause until the appellee has had notice of the appeal. If it does not appear that he has had notice, the court will cause notice to be given before proceeding to trial and judgment. That course was taken in this case.

The plea to the jurisdiction is insufficient, and we advise the Superior Court to overrule it.

In this opinion the other judges concurred.