## FRANK BURKE'S APPEAL FROM PROBATE

## ESTATE OF JOHN B. FOLEY

Superior Court  New Haven County  File #50906

Present: Hon. CARL FOSTER, Judge.

J. B. Foley,      Attorney for the Appellant.

FitzGerald, Foote & FitzGerald, Attorneys for the Appellee.

### MEMORANDUM FILED OCTOBER 6, 1936.

FOSTER, J. This case is an appeal from probate. The Probate Court allowed the appeal and ordered notice to be given to certain parties. No such notice was given. The appellees file a plea to the jurisdiction and a motion to erase the appeal, based upon the failure of the appellant to give the notice of the appeal ordered by the Probate Court. The right of appeal is provided in **G. S. Sec. 4990.** In this statute and in **G. S. Sec. 4994** appear the requisites of an appeal from probate. Upon the face of the papers it appears that the appellant complied with the requisites and that the appeal was allowed by the Probate Court.

**G. S. Sec. 4995** provides that a Probate Court in allowing an appeal shall make an order of notice. This statute further provides that, if the appellant gives the notice ordered by the Probate Court, the court to which the appeal is taken may hear the appeal without further notice. By implication this statute provides that where the appellant has not complied with the order of notice made by the Probate Court, the court to which the appeal is taken may not hear the

appeal without ordering further notice. Thus it is implied that the court to which the appeal is taken may order a further notice.

The question is clearly decided in **Donovan's Appeal from Probate, 40 Conn. 154.** In that case the Probate Court did not make any order of notice. Here the appellant failed to give the notice ordered by the Probate Court. As in that case, so in this, the parties were in court, to wit, the Probate Court. So, also, as in that case, this court will not hear the appeal until the appellant complies with the order of the Probate Court as to notice or gives notice as ordered by this court. As indicated above, this court may, sitting as a court of probate, order further notice as the circumstances warrant.

The right of appeal from probate is statutory. If the appellant complies with the statutory requirements, his appeal is perfected, and he then becomes subject to the orders of this court in the matter. Upon perfecting the appeal as required by statute, this court, as a court of appeal, acquired jurisdiction of the matter. Such jurisdiction does not rest upon compliance by the appellant with the order of the Probate Court as to notice. The jurisdiction of this court rests upon compliance by the appellant with the requisites of statutory law relative to appeals from probate.

The plea to the jurisdiction and the motion to erase are overruled and denied.