JOHANNA POWERS ET ALS.
APPEAL FROM PROBATE
(Estate of Margaret Powers)

Superior Court    New Haven County    File No. 13932
At Waterbury

**MEMORANDUM FILED MARCH 6, 1942.**

*Nathaniel Shapiro,* of Boston, Mass., and *John J. Dwyer,* of New York City, for the Appellants.

*Mary C. Coughlin,* of Bridgeport; *Phelan & Phelan,* of Waterbury; *Herbert L. Emanuelson* and *George J. Grady,* of New Haven, and *John J. Dwyer,* of New York City, for the Appellees.

CORNELL, J.  The proceeding to which the motion is addressed is one instituted under the provisions of section 4990 of the General Statutes, Revision of 1930, which authorizes anyone who is aggrieved "by any order, denial or decree of a court of probate", to appeal to this court.  Of appeals taken under this section it is said: "No person has the right to appeal except a person aggrieved, and no person can be aggrieved within the meaning of the statute, unless he is interested in the estate, either as a creditor, legatee or heir at law, or in some pecuniary manner." *Spencer's Appeal,* 122 Conn. 327, 332.  And it is provided that "....the interest of the appellant shall be stated in the motion for appeal, unless such interest shall appear on the face of the proceedings and records of such court of probate." (Gen. Stat. [1930] §4994.)

The instant appeal is one taken from a decree of the Court of Probate for the District of Naugatuck made April 1, 1941, ascertaining the heirs and distributees of the estate of the late deceased Margaret Powers.  In such decree it is recited that the appellants (all of whom are residents of Ireland) were represented by counsel at the hearing which preceded it, but nothing more than that is disclosed respecting the interests of the appellants in the estate.  Under such circumstances, to fulfill the requirement of the statute (§4994), it was necessary that the motion for the allowance of the appeal

set forth the interest of the appellants out of which their alleged aggrievement arose. The only statement in such motion referable to this prerequisite alleges that: "They are heirs at law of the deceased." This, the moving appellee (who is the administrator on the estate) contends, does not show such an interest as may be the subject of aggrievement and, therefore, this court is without jurisdiction to hear and determine the issues which appellants seek to present.

The claim predicates on a statement culled from a sentence in the opinion in *Campbell's Appeal from Probate*, 64 Conn. 277, 292 and repeated in *Averill vs. Lewis*, 106 Conn. 582, 588, to the effect that: "An allegation that the appellant is aggrieved 'both as an heir at law and next of kin,' is a mere averment of a legal conclusion." The moving appellee interprets the observation quoted to be tantamount to a ruling to the effect that in an appeal from probate under section 4990, if the record discloses no more than an allegation that the appellant is an heir at law to show an interest, furnishing the basis of his aggrievement, the proceeding is so defective that the Superior Court is without jurisdiction to entertain it. Neither of the cases mentioned so hold; nor does any other. In the first of them, *i.e.*, *Campbell's Appeal from Probate, supra,* the motion for the allowance of the appeal contained a meticulous statement of the appellants' relationship to the intestate. *Connecticut Supreme Court Records & Briefs, Third District, April Term,* 1894, pp. 341-344. This, as the opinion points out, showed on its face that he was not an heir or next of kin; a fact that could not be changed by a statement to the effect that he was such. "His allegation that he is 'aggrieved both as heir at law and next of kin,' is a mere averment of a legal conclusion *from the facts previously set up and these show that it is wholly without foundation."* (p. 292, italics added.) The opinion does not hold that an allegation in a motion for an appeal from probate that the appellant is an heir at law or next of kin, without more, is such an insufficient statement of the appellants' interest as not to satisfy the requirements of the statute (§4994); it holds only that where the factual content of the motion demonstrates that the appellant is not an heir at law and next of kin, an allegation to the effect that he is, is impotent to cure the deficiency.

A similar situation existed in *Averill vs. Lewis, supra,* where there was an appeal taken from the allowance of the account

of the administratrix *c.t.a.* on each of two estates. The appellants described themselves in each as "beneficiaries interested in and concerned with the conduct of the administration of said estate, and the distribution and application of the assets thereof to the purposes set forth in the will of the testatrix." (p. 585.) Among other reasons given for upholding the decision of the trial court in granting a motion to erase both appeals, the opinion holds, in effect, that the quoted statement of the appellants' interest was not the description of one which could form the subject matter of aggrievement because it was a mere statement of a legal conclusion. Quite apart from that, it is evident that the word "beneficiaries" standing alone, has no definite connotation and in the context referred to there is nothing to indicate in what way the appellants considered themselves as within that category. Regardless of all that, the question of whether an allegation that an appellant is an heir at law is such a statement of his interest as satisfies the statutory requirement was not involved and not passed upon. The only reference to that subject related to what was said in *Campbell's Appeal from Probate, supra,* and this recognizes what is noted above concerning the gravamen of that holding in the following language: "*It being found that he was neither next of kin nor heir at law* 'nor representative of any party in interest,' the case was erased from the docket." (italics added.) *Averill vs. Lewis, supra,* p. 588. And as observed *ante,* the opinion in *Campbell's Appeal from Probate* does not purport to say that an allegation that one is an heir at law standing alone is nothing but a statement of law; it only rules that such an averment was a legal conclusion—and an erroneous one—drawn from the statement of facts recited in the motion there—which, of course, is an entirely different proposition.

The legal premise upon which the instant motion proceeds is, hence, nonexistent. The claim as advanced here is, therefore, one of first impression. As such, what authority there is in this State lends it no support. The case nearest in point is *Dickerson's Appeal from Probate,* 55 Conn. 223. There the interest of one of the appellants was no more fully described than that he was the "assignee of Scudder Bradley who is one of the heirs at law of the said decedent." *Supreme Court of Errors, Record Copies,* 1886-1887. The decree appealed from in that case was one making a distribution of real and personal estate. The opinion (p. 229) states: "Under

our rules of practice in the probate court this was a sufficiently explicit averment that if the order complained of had not been passed a portion of the land....would have been set to them. This meets the requirement of the law." *And see, Avery's Appeal,* 117 Conn. 201, 202, where the only statement of the appellant's interest was that he was administrator of an estate. Quite apart from all that, the rule for ascertaining heirs in this State is fixed by statute. (Gen. Stat. [1930] §4982.) In common sense one describing himself as an heir at law cannot be said not to mean that he sustained some one of the relationships to the intestate which under the statute confers upon him the right to share in the latter's estate. *Rotch vs. Lamb,* 232 Mass. 233, 235, 122 N.E. 650, 651. *See,* in this connection, *Swan vs. Wheeler,* 4 Day 137, 140. Where the motion discloses the appellant's interest, the extent of it and how it is affected by the order appealed from "is to be averred in the reasons" of appeal. *Saunders vs. Denison,* 20 Conn. 520, 524. Likewise, where such interest appears, if the record does not show in what the aggrievement consists, the appeal is voidable—not void—and the irregularity may be taken advantage of by seasonably filing a plea in abatement. *Fuller vs. Marvin,* 107 Conn. 354, 357; *Orcutt's Appeal from Probate,* 61 id. 378, 383. So, also, where the appellee desires to show that the appellant, in truth, does not sustain such a relationship to the subject matter of appeal as appears in his motion for the allowance of the same as to show an interest within the conception of the statute (§4994) he may have that issue determined upon a plea to the jurisdiction, as was done in *Palmer vs. Reeves,* 120 Conn. 405. It is only when the record on its face discloses a lack of jurisdiction that a motion to erase may be granted. *Deming's Appeal from Probate,* 34 Conn. 201; *Saunders vs. Denison,* 20 id. 520, 524; *Reilly vs. Pepe Co.,* 108 id. 436, and cases cited in the opinion at page 443. "In a doubtful case the motion should be denied. And where the power in controversy is so near the border line of judicial power that its difinition calls for subtle distinctions....the question of law may be dependent upon further allegations before the test of the question of power can be applied, or it may have to await the trial." *Norton vs. Shore Line Electric Ry. Co.,* 84 Conn. 24, 32.

The foregoing relates to the grounds set forth in paragraphs 1 and 2 of the motion. Paragraph 3 avers an additional reason in support of the motion, viz., "Said appeal was taken

without authority of the persons therein named as appellants." This presents an issuable question of fact dependent for its solution upon the adduction of evidence. It is, hence, not within the purview of a motion to erase which invokes the record as it stands, only. "....it is not proper to allege in it facts not appearing thereon." *Spencer's Appeal,* 122 Conn. 327, and cases cited in the opinion at page 330; *Wheeler vs. New York, N. H. & H. R. Co.,* 70 Conn. 326, 329.

Motion denied.