Helen M. Coughlan et al. *v.* Francis Murphy

Maltbie, C. J., Brown, Jennings, Ells and Dickenson, Js.

Argued April 8—decided May 19, 1948

*Leo V. Gaffney,* for the appellant (defendant).

*Charles R. Covert,* for the appellees (plaintiffs).

ELLS, J. A Probate Court appointed the defendant guardian of the person of a minor. The plaintiffs appealed to the Superior Court; it set aside the decree of the Probate Court and appointed the plaintiffs joint guardians. The defendant has appealed.

On the 28th day of August, 1946, the Probate Court for the district of Plainville appointed the defendant guardian of the person of his nephew, a minor and an orphan. On September 27, 1946, within the time allowed for the taking of an appeal under General Statutes, § 4991, the plaintiffs, who are the grandparents and an aunt of the child, filed a motion in the Probate Court in which they alleged that they were aggrieved by the order, and moved an appeal to the Superior Court for Hartford County, to be held at Hartford on the first Tuesday of October, 1946, which fell on the first day of October. They posted a proper bond. By an order and decree made on the same day, the Probate Court approved the bond, allowed the appeal, ordered notice of its

pendency and of the court and time to which it was returnable to be given to the defendant by leaving a true and attested copy of the motion and the order with him or at his usual place of abode, and directed that due return be made to the Superior Court. The Probate Court, on the same day, issued an order to a proper officer to summon the defendant to appear before the Superior Court on the return day, to be heard in regard to the appeal. On the same day, an officer made service on the defendant by leaving with him the proper papers, duly attested, executed a formal return to the clerk of the Superior Court, and deposited in the mail at Plainville, postage prepaid and addressed to the clerk of the Superior Court at Hartford, a copy of the motion, the decree, and his return. The papers were never received by the clerk or if received by him were lost and could not be located.

On March 8, 1947, the plaintiffs filed a motion in the Superior Court in which they set out the foregoing facts and moved for permission to file with the clerk duplicates of the lost papers, to enter the case on the docket, subject to such equitable conditions as the court, after hearing, might impose, and to issue a citation to the defendant to appear and show cause why the motion should not be granted. The court summoned the defendant to appear on March 21, service was duly made, and the parties appeared and were heard. The court granted the motion on the same day.

Thereafter, the defendant pleaded in abatement, a demurrer thereto was sustained, the plaintiffs filed reasons of appeal, the defendant moved to dismiss the appeal, the motion was denied, and the court heard the case on its merits. It decided that the plaintiffs were the persons best qualified to act as

guardians, reversed and set aside the decree of the Probate Court and appointed them joint guardians of the child. In his appeal to this court the defendant claims only that the Superior Court erred in respect to the preliminary rulings hereinafter discussed.

A principal claim is that the court erred in sustaining the demurrer to the plea in abatement. In substance, the plea is based on the contention that probate appeals are civil process and must be served on a defendant at least twelve days before the return day. General Statutes, chapter 288, is headed: "Service and Return of Civil Process." The first section thereunder, § 5462, provides that civil process, if returnable to the Superior Court, shall be served at least twelve days, inclusive, before the return day. There is, however, a separate chapter, 267, which applies to "Appeals from Probate." Section 4995 of this chapter provides as follows: "The court of probate, in allowing an appeal, shall make such order of notice to persons interested as it shall deem reasonable. When such notice shall have been given by the appellant and proved to the court to which the appeal is taken, said court may hear the appeal without further notice." This statute would serve no purpose if the appeal must be served in the same manner as ordinary civil process. Section 4995 governs the present situation. A probate appeal is taken from and allowed by a Probate Court. The notice provided for in § 4995 is not essential to give the appellate court jurisdiction of the cause. The provision requiring notice is a separate section of chapter 267 from that giving a right of appeal; it relates to the duties of the Court of Probate and not of the appellant; it is merely directory; when the appeal is properly taken and allowed, the jurisdiction of the Superior Court over the cause at-

taches; the Superior Court will not proceed with the cause until the appellee has had notice of the appeal; and if it does not appear that he has had notice, the court will cause notice to be given before proceeding to trial and judgment. *Donovan's Appeal,* 40 Conn. 154, 155. In that case we pointed out that these circumstances distinguish probate appeals from actions of which the Superior Court has original jurisdiction, as regards the requirements of service of process.

The defendant particularly relies on *Campbell's Appeal,* 76 Conn. 284, 288, 56 A. 554, and *State ex rel. Rowland* v. *Smith,* 91 Conn. 110, 112, 99 A. 555, in which we held that appeals from probate were "process in civil actions" within the provisions of the statutes governing return days; General Statutes § 5464; but the reason for that holding appears in the earlier of the two cases; the statute as it stood in the Revision of 1888 had specifically included appeals; General Statutes, Rev. 1888, § 794; but that word was omitted by the revisers in the 1902 Revision, § 566, because the words "process in civil actions" were understood to include them. The special provision as to notice of appeals from probate in chapter 267 distinguishes them in this respect from ordinary civil process. The defendant did not claim that the notice given by the Probate Court was not reasonable, nor that the Superior Court acted unreasonably in not ordering further notice. The issue raised by the plea in abatement was correctly decided.

Error is assigned in the denial of the motion to dismiss the appeal. Judge Minor, the judge of the Probate Court for the district of Plainville, disqualified himself from hearing the original application for the appointment of a guardian, and another

judge was duly cited in to hold the hearing. General Statutes §§ 4768, 4770. The appeal was allowed and signed by Judge Minor. The defendant claimed that only the judge who heard the case could allow the appeal. The record does not disclose that Judge Minor was under any legal disqualification, and, so far as appears, no rights of the defendant would have been violated had he heard the case on its merits. The allowance of the appeal was a ministerial act and Judge Minor in allowing it was acting as clerk of the court. *Taylor* v. *Gillette,* 52 Conn. 216, 218. The only matters in which he was required to exercise any discretion were in determining the amount of the bond and the sufficiency of the surety required and in fixing the nature of the notice to be given. Certainly, in the absence of any showing that he was legally disqualified to hear the case, no valid objection can be made to his acting in these matters.

The defendant assigns as error committed at the trial that the court ordered the case to be entered on the docket subsequent to the return day. We shall assume for the purposes of this appeal that the defect was not one which should have been pleaded in abatement and which, therefore, was waived by the failure to file such a plea. When a probate appeal is taken and allowed, the jurisdiction of the Superior Court is complete. The docket entry is made as a purely ministerial act. General Statutes, Sup. 1945, § 988h; Practice Book § 195. A court may in its discretion for due cause, upon reasonble notice to or with the consent of the defendant, order a case which was not returned within the period fixed by the statute to be placed upon the docket at any time within the term of court to which it was made returnable. *Chadbourne* v. *Sumner,* 16 N. H. 129, 133;

*Dudley* v. *Keith,* 153 Mass. 104, 107, 26 N. E. 442; see *United States* v. *Frederick E. Atteaux Co.,* 275 F. 1013; *Graves* v. *MacFarland,* 58 Neb. 802, 804, 79 N. W. 707; *West's Executors* v. *Nixon's Executors,* 3 Grant (Pa.) 236. More than five months elapsed before the plaintiffs moved to have the appeal entered on the docket, but the order of court was made during the term in which fell the return day named in the order. General Statutes, Sup. 1941, § 789f; *State* v. *Faillace,* 134 Conn. 181, 182, 56 A. 2d 167. The court heard the parties, after due notice, and in the absence of any finding we cannot pass upon the reasonableness of the delay. Upon the record before us, we cannot hold that the court erred in ordering the appeal to be entered upon the docket. A further claim, that the court did not hear testimony as to the truth of the allegations of the plaintiffs' motion, has already been answered. The order of the court itself certifies that the parties were heard and that the allegations of the motion were found to be true.

There is no error.

In this opinion the other judges concurred.