ROSALIE WALEIKA ET AL. *v.* JOSEPH J. CHERNAUSKAS, EXECUTOR (ESTATE OF MARY BAKANAS)

SUPERIOR COURT          NEW HAVEN COUNTY          FILE No. 83912

Memorandum filed November 2, 1956.

*Joseph N. Perelmutter,* of Seymour, and *Howard D. Olderman,* of Ansonia, for the plaintiffs.

*Leon E. McCarthy,* of Ansonia, for the defendant.

SHANNON, J. This is an appeal from probate from an order and decree admitting the will of the late Mary Bakanas to probate on June 11, 1956. It is alleged that the plaintiffs are interested in her estate as heirs at law, creditors and beneficiaries under the will and are aggrieved by this order and decree. The defendant has filed a motion to erase for want of jurisdiction because the extent of the interests of the plaintiffs are not averred and are not apparent. An appellant must have an interest in the estate and be aggrieved. In the determination of this issue, however, the question is a possibility, as distinguished from a certainty, that some legally protected interest which he has in the estate has been adversely affected. *O'Leary* v. *McGuinness,* 140 Conn. 80, 83. The allegation that the appellant is an heir at law "cannot be said not to mean that [she] sustained some one of the relationships to the [decedent] which under the statute confers upon [her] the right to share in the latter's estate. *Rotch* v. *Lamb,* 232 Mass. 233, 235." *Power's Appeal,* 10 Conn. Sup. 503, 507. It is adequate to satisfy the statute. General Statutes § 7075; *Ciglar* v. *Finklestone,* 142 Conn. 432, 435. The other allegations of the motion are not apparent on the record. Therefore the motion to erase is denied.

The defendant also filed a plea in abatement, to which an answer was filed and a hearing had. As a result, the court finds that the plaintiff Stella Schultz is not an heir at law or a creditor and is not aggrieved by the order and decree appealed from. So

the plea in abatement in so far as it relates to her is sustained.

The court finds that the plaintiff Rosalie Waleika is an heir at law. The will admitted to probate contains, among other gifts, one to St. Anthony's Roman Catholic Church for $2500, to be its absolutely; one to Frances, daughter of Stanley and Rosalie Waleika, for $3000; and one to Stella Schultz for $2000. Clearly the admission of the will in question is adverse to the rights of Rosalie Waleika as an heir at law. So she is certainly an aggrieved person within the intent of the statute.

The plea in abatement denies that a true and attested copy of the motion for appeal and the order of the probate court was left with the defendant, Joseph J. Chernauskas, executor. A probate appeal is taken from and allowed by a probate court. The notice provided for in § 7076 is not essential to give the appellate court jurisdiction of the cause. The provision requiring notice is a separate section of chapter 352 from that giving the right of appeal; it relates to the duty of the Probate Court and not of the appellant; it is merely directory; when the appeal is properly taken and allowed, the jurisdiction of the Superior Court over the cause attaches; the Superior Court will not proceed with the cause until the appellee has had notice of the appeal; and if it does not appear that he has had notice, the court will cause notice to be given before proceeding to trial and judgment. *Coughlan* v. *Murphy,* 134 Conn. 601, 604.

It is true that the defendant's exhibit 1, which was served on him, discloses that the deputy sheriff who served him attested that "the within and foregoing is a true copy of the original Appeal from Probate, writ summons and complaint," rather than "a true and attested copy of said motion for appeal and of

this order," as directed by the Probate Court in its order in the decree dated June 25, 1956, as appears on the record. Exhibit 1, however, is a true and attested copy as directed—the copy of the bond, reasons of appeal and will being unnecessary surplusage.

It is also true that the copies of the motion for appeal and the decree allowing the appeal which were served upon the defendant were not attested to be true copies by the clerk or the assistant clerk of the Probate Court, as alleged in the plea in abatement. While 1 Locke & Kohn, Connecticut Probate Practice, carries forms which call for attestation by the clerk or assistant clerk, there is no statute requiring that it be done by one or the other of these two exclusively. Cum. Sup. 1955, § 3148d.

An appeal from probate is an absolute right of one aggrieved, of which he cannot be deprived by any omission of the Probate Court; *Donovan's Appeal,* 40 Conn. 154, 156; *Fuller* v. *Marvin,* 107 Conn. 354, 357; *Weidlich* v. *Comley,* 18 Conn. Sup. 479, 481; nor by the omission of any deputy sheriff.

For the foregoing reasons the motion to erase for want of jurisdiction is denied; the plea in abatement in so far as it relates to the appellant Rosalie Waleika is overruled; and the plea in abatement in so far as it relates to the appellant Stella Schultz is sustained.

Judgment may enter accordingly.