DOROTHY BARLOW ET AL. *v.* WILLIAM POCSAY, EXECUTOR (ESTATE OF JULIA KULCSAR), ET AL.

SUPERIOR COURT   FAIRFIELD COUNTY AT BRIDGEPORT   FILE NO. 108366

Memorandum filed April 27, 1959

*Donald C. Cousins,* of Bridgeport, for the plaintiffs.

*Strauss and Gilman,* of Bridgeport, for the defendants.

PASTORE, J. This is an appeal from a decree of the Probate Court admitting a will to probate. Certain Connecticut resident defendants have moved to erase it from the docket. Several grounds are urged.

One ground is that the return of notice made to the Probate Court should have been under oath in accordance with § 45-19 of the 1958 Revision. This claim must be overruled for several reasons. The first reason is that, assuming but without deciding that this section is applicable to the situation, neither the absolute right of appeal of an aggrieved party nor the jurisdiction of the Superior Court upon such an appeal may be defeated by the neglect or omission of the Probate Court. *Donovan's Appeal,* 40 Conn. 154, 156; *Waleika* v. *Chernauskas,* 20 Conn. Sup. 134, 137. In the *Donovan* case, the jurisdiction was not defeated notwithstanding that no order of notice was issued by the Probate Court. In the instant case the order was issued. Arguendo merely, if there were any defect in the return made that rendered the service of it totally defective, it could amount to no more in legal effect than the situation in the *Donovan* case. The second reason is that the giving of the notice ordered by the Probate Court in an appeal from probate may be proven to the Superior Court to which the appeal is taken, after which the Superior Court may hear the appeal without further notice, if the circumstances warrant. Rev. 1958, § 45-294. This appears to have been done here. The third reason is that this same ground was previously urged by these same defendants and in effect similarly decided. See plea in abatement

and to the jurisdiction and motion to erase filed February 3, 1959, and memorandum of *Bogdanski, J.,* thereon, filed February 24, 1959.

The second ground of the instant motion is that the reasons of appeal were not filed within ten days after the return day in accordance with § 88 of the Practice Book, and hence that this court is without jurisdiction. This claim is not sustained. "Appeals from probate are not civil actions because it has always been held that the Superior Court, while hearing appeals from probate, sits as a court of probate and not as a constitutional court of general or common-law jurisdiction. . . . It is exercising a special and limited jurisdiction conferred on it by the statute authorizing appeals from probate." *Slattery* v. *Woodin,* 90 Conn. 48, 51. Reasons of appeal relate to trial and practice and do not affect the jurisdiction of this court. They are not necessary to form issues upon trial, but when filed constitute notice to the adverse party of the matter relied upon. *Harrison's Appeal,* 48 Conn. 202, 205. They limit the scope of the evidence which may be offered by the party filing them. *St. Leger's Appeal,* 34 Conn. 434, 448; *Vivian's Appeal,* 74 Conn. 257, 259. Failure of reasons of appeal to be filed appears not to have defeated the jurisdiction of the Superior Court where the trial was compelled to be held upon the basis of the motion for appeal supplemented by the evidence produced on trial. *Nickerson* v. *Griffing,* 139 Conn. 720, 722, 726.

Proceedings in Probate Court are less formal than in the ordinary actions subject to the original jurisdiction of the Superior Court. *Donovan's Appeal,* supra, 155. Generally speaking, the technical rules of pleading do not apply to the formation and determination of issues in appeals from probate to this court. *St. Leger's Appeal,* supra; *Harrison's Appeal,* supra. Even under the generally more

strict procedural requirements of the ordinary civil action, a pleading may be filed "after the expiration of the time fixed by statute or by any rule of court until the court has heard any motion for judgment by default or nonsuit for failure to plead which has been filed . . . in . . . such cause"; Rev. 1958, § 52-121; and no motion for a default or nonsuit for failure to plead may be considered without written prior notice of intention to file it. Practice Book § 86. In the instant case, to hold that the failure to file the reasons of appeal within the specified ten days, without any intervening action by the court on an appropriate motion, automatically terminates any privilege or power the plaintiffs had to file them would be invoking a more serious construction of § 88 of the rules than would be the case in the comparable situation of the ordinary civil action. Also, before the reasons of appeal were actually filed, no motion to dismiss the appeal was made by these defendants on the ground of plaintiffs' failure to file the reasons of appeal in time, and no order of court had intervened to bar the plaintiffs from filing them. The late filing of the reasons of appeal in the present case did not render them invalid.

The third claim made in support of the motion to erase is that plaintiffs have failed to make service of the reasons of appeal as required by Practice Book § 118 (b) in connection with certain nonresident defendants described as residents of a foreign country who have not yet filed their appearance. The claim is that said rule, making it the responsibility of the plaintiffs' counsel to serve a copy of them on "each other party," requires that service be made upon the nonresident nonappearing defendants, and that this failure to do so vitiates the whole appeal. This claim is not sustained. One reason is because, as previously herein further mentioned, the filing and service of reasons of appeal are not a

prerequisite of jurisdiction in an appeal from probate. When a probate appeal is taken and allowed, the jurisdiction of the Superior Court is complete. *Coughlan* v. *Murphy,* 134 Conn. 601, 606. "That jurisdiction cannot be defeated by the neglect of the court of probate to issue an order of notice. But the Superior Court will not proceed with the cause until the appellee has had notice of the appeal. If it does not appear that he has had notice, the court will cause notice to be given before proceeding to trial and judgment." *Donovan's Appeal,* 40 Conn. 154, 156. The Superior Court is empowered to make reasonable orders of notice as to the pendency of appeals from probate after which, the notice having been given and proven, the court may proceed to a hearing. Rev. 1958, § 52-68; *Coughlan* v. *Murphy,* 134 Conn. 601, 604. Generally speaking, where a court has acquired full jurisdiction, it retains it until the matter is absolutely determined. *Sanford* v. *Sanford,* 28 Conn. 6.

A second reason is that said § 118 (b) of the Practice Book does not require service of the reasons of appeal upon the nonappearing defendants of this case. The provision of this latter section that a copy of the pleadings be served on "each other party" has been complied with when service of the reasons of appeal has been made upon the appearing defendants. This is consistent with the further provision of § 118 (b) that "[s]ervice need not be made on parties in default for failure to appear." This provision is not required to be construed as meaning in contrast to a mere failure to appear. The effect of an order of default is to preclude the defendant from making any further defense in the case. *Automotive Twins, Inc.* v. *Klein,* 138 Conn. 28, 33. No such official order has been entered here to date. The claim of the moving defendants that until there has been a "default for failure to appear" un-

der § 118 (b) all defendants must be served, including nonappearing, nonresident defendants, is not tenable. Parenthetically, no order of notice of the appeal has yet been made by this court as to such defendants, nor any determination as to whether or not any further order of such notice is required. The conclusion of the court is that the failure of service of the reasons of appeal upon the nonresident, nonappearing defendants does not defeat the jurisdiction of this court over the instant appeal.

The final claim in support of the motion is that although a copy of the will was filed with the reasons of appeal in the office of the clerk of this court, no copy of the will accompanied the reasons of appeal which were served upon the resident appearing defendants. This claim cannot be considered. A motion to erase lies only when the defect relied upon appears upon the face of the record. *Paiwich* v. *Krieswalis,* 97 Conn. 123, 126.

For the foregoing reasons, the motion to erase is denied.