[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS
The right to appeal from a decision of the Probate Court is conferred by section 45a-186, and failure to comply with that statute is a defect which deprives the Superior Court of jurisdiction over the appeal. Baskin's Appeal from Probate, 194 Conn. 635, 637. "For purposes of mesne process, a probate appeal is considered a civil action." Bergin v. Bergin, 3 Conn. App. 566, 568 (holding that failure to return the process to court at least six days before the return date is a jurisdictional defect). After the filing of the reasons of appeal in a probate appeal, all pleadings are similar to those in civil actions. Baskin's Appeal from Probate, supra, 642-643; section 194 of the Connecticut Practice Book. The relevant portion of section 52-45a of the General Statutes provides that "[c]ivil actions shall be commenced by legal process consisting of a writ of summons or attachment, describing the parties, the court to which it is returnable, the return day and the date and place for the filing of an appearance." The appeal in this case was returnable on June 25, 1991, a Tuesday, at the Superior Court for the Judicial District of Danbury at Danbury. It does not specifically state the date and place for filing of an appearance. In a probate appeal, the estate is named in the motion to allow the appeal, and generally appears as a defendant. Other persons served with a notice of the appeal, pursuant to the order of the Probate Court, may also appear as defendants, but a defendant is not named in the same CT Page 8534 manner as in conventional civil actions.
The use of an improper form to commence an appeal does not affect the jurisdiction of the Superior Court to entertain the appeal as long as it contains a proper citation. Chestnut Realty, Inc. v. CHRO, 201 Conn. 350,356; Carlson v. Fisher, 18 Conn. App. 488, 493. As in those cases, the appeal here clearly apprises all concerned persons that a lawsuit is being instituted, the nature of the proceeding and the return date, and the court to which the appeal is returnable. There is only one Judicial District courthouse in the Danbury Judicial District. Unless a defendant makes an affirmative showing of prejudice, a defect in the form of the appeal does not warrant its dismissal. Chestnut Realty, Inc. v. CHRO, supra, 357; Carlson v. Fisher, supra, 494. At oral argument, the estate's attorney was asked how the failure of the appeal to state the date and place for the defendant to file an appearance was prejudicial to the defendant, but no reason was identified. Section 52-123 of the General Statutes provides as follows: "No writ, pleading, judgment or any kind of proceeding in court or course of justice shall be abated, suspended, set aside or reversed for any kind of circumstantial errors, mistakes or defects, if the person and the cause may be rightly understood and intended by the court." It is well known by Connecticut attorneys that the date for filing an appearance is on or before the second day following the return date and that the place for filing the appearance is the courthouse to which the citation and appeal are returnable. Section 52-45b
of the Connecticut General Statutes. The failure of the appeal papers to contain the date and place for filing an appearance is just the type of circumstantial defect that is covered by section 52-123 of the General Statutes. See Hartford National Bank Trust Co. v. Tucker, 178 Conn. 472,478 (wrong street address for the defendant); Burger v. Frohlich, 4 Conn. Cir. Ct. 468, 471 (failure to state the address of the defendant in the writ). The policy of giving notice to the defendant of the nature of the proceedings and when and where they are being conducted was given to the defendant here by the documents here, and since there is no prejudice by the trivial omission from the appeal papers of the date for an appearance and street address of the court, the appeal should not be dismissed. Chestnut Realty, Inc. v. CHRO, supra, 357. The defect does not go to subject matter jurisdiction. The defendant has not identified any case which requires dismissal of the appeal.
The motion to dismiss is denied.
ROBERT A. FULLER, JUDGE CT Page 8535