[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM RE: DEFENDANT'S MOTION TO STRIKE
On January 8, 1991, the will of Jessica Scott Dunham was partially admitted to probate and, on August 30, 1991, the Probate Court for the District of New Milford, William E. FitzGerald, Acting Judge, made the following order and decree:
 After due hearing had at which all interested parties appeared and made argument on the Administrator's motion to abandon the appeal in the lawsuit the Administrator had brought in the Superior Court at Litchfield, Docket No. CV-89-0050127S, the Court authorizes the Administrator to abandon the appeal and withdraw the lawsuit.
The plaintiff in this matter, Joan Dunham Rogerson, is the daughter of the deceased and, pursuant to General Statutes 45a-186 et seq., appeals from this decree.
On March 20, 1992, the defendant, Carl M. Dunham, Jr., filed a motion to strike the plaintiff's appeal and attached thereto a supporting memorandum. No opposing memorandum has been filed.
The motion to strike is provided for in Practice Book 151-158. A motion to strike tests the legal sufficiency of a pleading and admits all facts well pleaded." Ferryman v. Groton, 212 Conn. 138, 142,561 A.2d 432 (1989). Furthermore, the court is required to construe the facts in the complaint most favorably to the plaintiff when considering a motion to strike. Gordon v. Bridgeport Housing Authority, 208 Conn. 161,170, 544 A.2d 1185 (1988). Practice Book 155 states, "[i]f an adverse party objects to this motion he shall, at least five days before the date the motion is to be considered on the short calendar, file and serve a memorandum of law." Practice Book 155.
The plaintiff has failed to file a memorandum of law in opposition to the motion to strike. Prior to October 1, 1989, the failure to file CT Page 3400 an opposing memorandum of law was deemed as consent to the motion to strike. See, e.g., Hughes v. Bemer, 200 Conn. 400, 510 A.2d 992 (1986). "Practice Book . . . 155 [has] been amended so that a party who files an untimely memorandum is no longer deemed to consent to the granting of a motion made under [this] section." Southport Manor Convalescent Center, Inc. v. Foley, 216 Conn. 11, n. 1, 578 A.2d 646 (1990); Castillo v. Brito, 5 CTLR 201, 202 (October 28, 1991, Hennessey, J.)
In the memorandum in support of his motion to strike, the defendant maintains that, because the plaintiff's appeal fails to include a claim for relief, and because the plaintiff does not request any relief whatsoever from the advisory opinion issued by the Probate Court, this court is powerless to take any action. The defendant also maintains that such failure is not correctable pursuant to General Statutes 45a-189. Consequently, the defendant claims, "the action is abatable."
Notwithstanding the fact that the motion to dismiss replaced the former plea in abatement, Brandriff v. Sellas, 40 Conn. Sup. 243, 245,488 A.2d 853 (Barret, J.), the question before this court concerns the propriety of this complaint. Practice Book 131 states, in pertinent part, that:
 The first pleading on the part of the plaintiff shall be known as the complaint. It shall contain a concise statement of the facts constituting the cause of action and, on a separate page of the complaint, a demand for relief which shall be a statement of the remedy or remedies sought. . . .
Practice Book 131.
Practice Book 131 pertains to pleadings in civil actions. See also General Statutes 52-91; Davis v. Naugatuck, 15 Conn. App. 185,190, 543 A.2d 785 (1988). An appeal from a probate order or decree to the Superior Court is not a civil action. Silverstein's Appeal from Probate,13 Conn. App. 45, 53, 534 A.2d 1223 (1987); Bishop v. Bordonaro,20 Conn. App. 58, 64, 563 A.2d 1049 (1989); Kerin v. Stangle, 209 Conn. 260,263, 550 A.2d 1069 (1988). It is a special proceeding authorized by statute. Silverstein, supra. The technical rules of pleading do not apply to the formation and determination of issues in appeals from probate to superior court. See Barlow v. Pocsay, 21 Conn. Sup. 352, 154 A.2d 753
(Super. Ct. 1959).
Furthermore, General Statutes 45a-146 et seq. do not specify that a prayer for relief is a necessary element of a probate appeal. Consequently, in accordance with the foregoing, the failure to include a prayer for relief in an appeal from probate renders this appeal neither demurrable nor abatable, and, the motion to strike is denied.
DRANGINIS, JUDGE CT Page 3401