[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS NO. 102
The plaintiff, State of Connecticut, Department of Social Services (State), was a statutory intervenor in a matter entitledIn the Matter of James A. Saunders, in which the defendant, Estate of James A. Saunders, through Edith Saunders, conservatrix, sought to create an irrevocable trust for the benefit of James Saunders, an incompetent. The purported trust was to be funded with proceeds from the settlement of a medical malpractice action on behalf of Mr. Saunders. The State objected to the creation of the trust on the ground that the Probate Court lacked jurisdiction to allow the transfer of funds by the conservator to the trustees.
On April 25, 1995, the Probate Court, Hall, J., overruled the objection and ordered that the conservator be permitted to enter into a trust agreement for the benefit of James Saunders on terms subject to the court's approval. On May 22, 1995, the plaintiff filed a motion in the Probate Court to allow an appeal to the Superior Court on the ground that the funding of the trust would deprive the estate of funds to expend on Mr. Saunders' behalf, thereby causing the Department of Social Services to make Title XIX Medicaid payments to Mr. Saunders.
On May 23, 1995, the court granted the motion and entered a decree allowing the appeal. The court directed that notice be given to Edith Saunders, conservatrix of the estate of James Saunders, "by some proper officer serving on her and here[,] in the manner prescribed for the service of civil process[,] a true and attested copy of the Motion for Appeal for Probate and of this Order at least twelve (12) days before the return date of the appeal and that due return of said service upon each be made to the Superior Court and to this Court." The return date set by the court was the fourth Tuesday of June, 1995.
On July 28, 1995, the conservatrix filed a motion to dismiss the action on the ground that the court lacks jurisdiction over the estate because the "process initiating the appeal . . . was statutorily deficient in three respects." In her memorandum of law in support of the motion to dismiss, the conservatrix argues that jurisdiction is lacking because: (1) the State's appeal "did not state the . . . [time and] place for the filing of an appearance by the conservatrix" in accordance with General Statutes § 52-45a; (2) the appeal was not directed to a CT Page 14442 "proper official" pursuant to General Statutes § 52-50(a); and (3) the appeal was not "issued by a commissioner of the Superior Court or other proper authority."
"A motion to dismiss . . . `properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court.'" (Citations omitted; emphasis in original.)Gurliacci v. Mayer, 218 Conn. 531, 544-45, 590 A.2d 914 (1991).
The first ground on which the conservatrix argues that the court lacks personal jurisdiction over her is that the State's appeal did not state the time and place for the filing of an appearance in accordance with General Statutes § 52-45a. The conservatrix relies on Bergin v. Bergin, 3 Conn. App. 566,490 A.2d 543 (1985), for the proposition that a probate appeal is considered a civil action for purposes of serving civil process.
In response, the State argues that the statutory provisions regarding service for civil actions do not apply to Probate appeals because "a Probate Appeal is not a new action but, instead, is an continuation [sic] of a judicial action that is pending in the Probate Court." (Emphasis in original.) (State's brief in opposition, p. 2.) The State further argues that Bergin
is distinguishable and urges the court to follow the Supreme Court's decision in Coughlan v. Murphy, 134 Conn. 601,59 A.2d 729 (1948).
At the outset, it is noted that although counsel for the State attacks the reasoning of the Bergin court, recent cases have cited Bergin as good authority. See, e.g., Estate of Kucejv. Kucej, 34 Conn. App. 579, 642 A.2d 81 (1994); Reiman v. Blair,11 Conn. L. Rptr. 80, 9 CSCR 245 (February 16, 1994) (Mulcahy, J.); Melkov. Estate of Nespeco, Superior Court, Judicial District of Fairfield at Bridgeport, Docket No. 310017 (April 8, 1994) (Fuller, J.).
In addition, Bergin v. Bergin and Coughlan v. Murphy are reconcilable. In Bergin, the Appellate Court stated: "For purposes of mesne process, a probate appeal is considered a civil action. . . . As such, the requirements of General Statutes §52-46a, which states that process in civil actions returnable to the Superior Court must be returned at least six days before the return day, must be satisfied." Bergin v. Bergin,3 Conn. App. 568. CT Page 14443
In Coughlan v. Murphy, supra, 134 Conn. 601, however, the Connecticut Supreme Court held that for purposes of giving notice
of the appeal from Probate — not return of service to the court — the statute governing appeals from Probate was controlling, not the statute for commencement of a civil action. Id., 604-05. The court stated: "A probate appeal is taken from and allowed by a Probate Court. The notice provided for in . . . [§ 45a-186] is not essential to give the appellate court jurisdiction of the cause. . . . [W]hen the appeal is properly taken and allowed, the jurisdiction of the Superior Court . . . attaches . . . ." Id.
In other words, it can be said that Coughlan v. Murphy stands for the proposition that § 45a-186 allows the Probate Court to direct the manner of notice that is to be given in a Probate appeal, but that once notice is given, § 52-46a directs when service must be returned to the Superior Court. Thus, the cases are reconcilable.
Since the conservatrix argues that the State's appeal is deficient because "it did not state the . . . [time and] place for the filing of an appearance," she is arguing, in essence, that the process directed by the Probate Court was deficient — not that the return of process to court was late. Therefore,Coughlan v. Murphy controls this issue. Since the type of notice ordered by the Probate Court was in compliance with § 45a-186, the process is not statutorily deficient for failure to state the time and place for filing an appearance.
Parenthetically, it is noted that at least one court has held that "[t]he failure of the appeal papers to contain the date and place for filing an appearance is just the type of circumstantial defect that is covered by . . . [§] 52-123 of the General Statutes." Luty v. Estate of Krausse, 5 Conn. L. Rptr. 189, 6 CSCR 1006
(October 23, 1991) (Fuller, J.). However, the court need not reach the issue of whether the defect is circumstantial because the Probate Court's order was in compliance with § 45a-186.
Turning to the conservatrix's argument that the court lacks jurisdiction over her because the appeal was not directed to a "proper official" pursuant to General Statutes § 52-50(a),Coughlan v. Murphy likewise controls this issue. Since the order of the Probate Court granting the State's motion to appeal contained the direction "that notice of the appeal be given to Edith A. Saunders . . . by some proper officer serving on her and here in the manner prescribed for service of civil process, "the CT Page 14444 requirements of § 45a-186 were complied with and that process was not statutorily deficient.
As to the conservatrix's contention that the appeal is deficient because it was not "issued by a commissioner of the Superior Court or other proper authority, "this too is controlled by the Supreme Court's holding in Coughlan v. Murphy and that process was not deficient. An appeal from a decision of the Probate Court is taken when an aggrieved party files a motion in the Probate Court for permission to appeal in accordance with General Statutes § 45a-186. In this case, the motion to appeal was filed by the State and was signed by counsel for the State, who is a commissioner of the Superior Court. If it were a requirement that the order of the Probate Court granting a motion to appeal be signed by a commissioner of the Superior Court, that would in essence be a requirement that Probate judges be commissioners of the Superior Court. No such requirement exists.
In sum, since the motion to appeal the decision of the Probate Court was signed by a commissioner of the Superior Court and was otherwise in conformity with General Statutes § 45a-186, process was not deficient. Accordingly, the defendant's motion to dismiss for lack of personal jurisdiction is denied in all respects.
Stodolink, J.