[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff in this case is Barbara Jaworski, a niece of the decedent, Elizabeth Anderson. She is named as successor executrix in the will of the decedent. The defendants are Dorothy Anderson, another niece of the decedent, who is named as executrix in her will; Vincent L. Diana, attorney and administrator c.t.a., d.b.n. appointed upon the resignation of Dorothy Anderson; and Attorney Robin Murdock-Meggers, successor administrator c.t.a., d.b.n.
The background of this case is not in dispute. It involves two appeals by the plaintiff, Barbara J. Jaworski, regarding the estate of Elizabeth Anderson, her aunt. The first appeal from Probate was taken March 17, 1995 and the second on May 29, 1997. The 1997 file involves only one reason of appeal which is one of the same reasons of appeal given in the 1995 file and the court has consolidated these cases and henceforth will refer to them as one case.
Elsie Bradley died intestate on July 27, 1989. Her brother, Carl H. Anderson died on January 26, 1991. His will left everything to his daughter, Dorothy Anderson. Elizabeth Anderson, sister to both Elsie Bradley and Carl Anderson died testate on June 21, 1991. Her will left everything to her three nieces, Dorothy Anderson, Barbara Jaworski and Shirley Granquist. It named Dorothy Anderson as executrix and Barbara Jaworski as substitute executrix. Mrs. Anderson was appointed as executrix and maintained that position until she resigned on June 9, 1992. Thereafter, Attorney Vincent L. Diana was appointed as administrator c.t.a., d.b.n. Later he resigned and by decree dated January 1, 1995 the court then appointed Attorney Robin Murdock-Meggers as successor administratrix c.t.a., d.b.n.
The reasons of appeal relied on in the 1995 case are as follows:
"1. Vincent L. Diana, as administrator c.t.a., d.b.n. of CT Page 14076 the estate of Elizabeth Anderson, has not shown good faith in the execution of said estate by allowing fees charged to the estate of Elsie Anderson (sic) to be paid by the estate of Elizabeth Anderson.
 2. The will of Elizabeth Anderson provides that Barbara Jaworski should be the substitute fiduciary in the event that Dorothy M. Anderson shall fail to serve. The court abused its discretion by appointing an Administrator without a prior determination of incompetence or in-capacity of the substitute Executrix.
 3. The court abused its discretion by approving Attorney Pappa's plan to file a Motion for Summary Judgment as it is a waste of the assets of the estate to continue to litigate over the small amount of assets in question.
 4. The court abused its discretion by approving the accounting of the Administrator without hearing the objections of the Plaintiff. The prior judge, William E. Fitzgerald, advised the Plaintiff that she would not be allowed to raise objections at the hearing on the inventory, however, she would be able to object at the hearing on the final accounting. Judge Cooney precluded her from doing so, indicating it was too late."
The reasons for appeal alleged in the 1997 case are as follows:
 1. Article V of the last Will and testament of Elizabeth Anderson provides that Barbara Jaworski should be the substitute executrix in the event that the first appointed executrix `shall fail or refuse to act'. The said probate court abused its discretion by not appointing Barbara Jaworski as substitute executrix without a prior determination of incompetence or incapacity."
Unlike the usual appeal from a lower court to a higher court which involves arguments of law based upon evidence adduced at a trial before the lower court, an appeal from probate requires a trial de novo; in this case, therefore, an actual trial before the Superior Court based upon evidence adduced before this court. The court is bound to resolve the issues formulated by the reasons of appeal based upon the evidence adduced before it on trial. CT Page 14077
An appeal from probate is a statutory action and not a true civil action. Sacksell v. Barrett, 132 Conn. 139 (1945). The Superior Court trying the appeal has no greater powers than a probate court. MacKinnon v. Burke, 25 Conn. Sup. 285 (1964). The Superior Court tries the issues properly presented before the probate court de novo. Kerrin v. Stangle, 209 Conn. 260, 264
(1988). However, the Superior Court may consider only the issues embraced within a particular decree being appealed. It may not consider or adjudicate issues beyond the scope of the determination by the decree being attacked. Appeal of Stevens,157 Conn. 576, 581 (1969). The plaintiff's evidence is limited to the allegations of the reasons of appeal. Barlow v. Pocsay,21 Conn. Sup. 352, 354 (1959).
The first issue before this court, that which is common to both cases, is whether or not Barbara Jaworski should have been appointed as successor executrix upon the resignation of Dorothy Anderson and if not then, whether or not she should have been appointed as successor executrix upon the resignation of Vincent L. Diana. The answer is a simple negative.
In the opinion of this court she had waived by her own actions any right to serve as successor executrix to Dorothy Anderson.
First it is essential to note that although she was represented by three different counsel at different phases of the settlement of this estate, she was at all times represented by competent legal counsel. With reference to the resignation of Dorothy Anderson, the plaintiff had been dissatisfied with the performance of her sister and petitioned the court for her removal requesting that in her stead the court appoint a "neutral third party" as successor to Dorothy Anderson. In settlement of the dispute between them and in reliance upon an agreement between both parties that Attorney Vincent L. Diana be appointed administrator c.t.a., d.b.a., Dorothy Anderson resigned. The claim that the plaintiff should have been appointed as successor executrix of the estate was not even raised until after Attorney Diana had resigned and filed his final account whereupon the plaintiff appealed from the decree accepting the resignation of Attorney Diana. The first appeal was filed in the Superior Court on March 27, 1995.
The second claim for the appointment of the plaintiff as CT Page 14078 successor executrix was not made until the second administrator d.b.n. , c.t.a. filed her final account at which time the plaintiff brought a second appeal, filed October 30, 1997, based solely upon the failure of the court to appoint her as executrix.
The plaintiff bases her case upon a strict interpretation of Section 45-290(c) of the Connecticut General Statutes which states that "the court shall appoint such alternate or successor executor named in said will as executor;" and a very narrow interpretation of the finding in the case of Appeal From Probateof Girolamo Bencivenga, et al, 30 Conn. App. 334 (1993) in which the court states "our law favors virtually no exception to the appointment of an executor or a successor executor named in the will." Id. at 197. The plaintiff takes the position that "it is clear that the court had no alternative but to either appoint Mrs. Jaworski or after a hearing, determine she was unfit to perform the necessary fiduciary duties."
A waiver is "the intentional relinquishment of a known right". Novella v. Hartford Accident and Indemnity Co.,163 Conn. 552, 561 (1972). A waiver can be implied from acts or conduct.Leda v. H. K. Sargeant Assoc., Inc., 188 Conn. 69, 76 (1982). The plaintiff has, by her conduct, waived any right she may have had either to object to the appointment of the current fiduciary or Mr. Diana.
When the alternate who is an heir to the estate, has accused the incumbent executor of misconduct and has petitioned the court for the appointment of a neutral person to be successor executor and has agreed to the appointment of Attorney Diana, she has, in the opinion of the court, in effect declared that she is not a neutral party and thus refused to accept the position of successor executor herself. It has been held that refusal to accept a position of trust may be implied and found from the circumstances. See Ayers v. Weed, 16 Conn. 291, 296, 298 (1844);Solomon v. Wixon, 27 Conn. 520, 526 (1858). The plaintiff made repeated applications for removal of Dorothy Anderson in which she requested appointment of "a neutral third party" administrator. She expressly agreed to Attorney Diana's appointment. She never made any applications for her own appointment when an appointment was pending. Her attorney in open court on many occasions requested "an independent third party" as fiduciary. At the time of Attorney Diana's resignation she did not request appointment of herself. She delayed making any request for appointment until her letter of April 25, 1997 at CT Page 14079 which time she did not apply for administrator Meggars removal. There is more than sufficient evidence from which the court can infer that the plaintiff declined the position of successor executor. The original appointment of Attorney Diana instead of the plaintiff was a finding of the Probate Court by implication that the plaintiff had refused the position of trust. She did not appeal that decree and it is now conclusive as to the issue of such refusal.
In the opinion of the Court, once the plaintiff refused the position of executrix she could not later reclaim the position. See Ayers v. Weed, 16 Conn. 291, 296. The refusal of the position was therefore irrevocable and she could not later revive her right to be appointed under the will. Id.
In the opinion of the court not only had the plaintiff never requested and by implication refused the position of fiduciary and effectively waived her right to the position of the successor fiduciary, but she also by her conduct was estopped from claiming that position. A claim of estoppel requires proof of two essential elements: the party against whom estoppel is claimed must do or say something calculated or intended to induce another party to believe that certain facts exist and to act on that belief and the other party must change its position in reliance on those facts thereby incurring some injury. Zoning Commissionv. Lescynski, 188 Conn. 724, 730(y) (1982). Plaintiff secured Dorothy Anderson's resignation by agreeing to forego her own appointment (after initially requesting that a neutral third party be appointed as administrator), and Dorothy Anderson changed her position in reliance upon the agreement and would otherwise not have resigned as executrix.
In addition to the allegations contained in the reasons of appeal of both 1995 and 1997 to the effect that the Probate Court abused its discretion in not appointing Barbara Jaworski as substitute executor, the plaintiff had claimed in 1995(1) that the court abused its discretion by approving Attorney Pappa's plan to file a motion for summary judgment as it is a waste of assets of the estate to continue to litigate over the small amount of assets in question and (2) the court abused its discretion by approving the accounting of the administrator, Vincent L. Diana, without hearing the objections of the plaintiff and (3) that Vincent L. Diana as administrator c.t.a., d.b.n. of the estate of Elizabeth Anderson had not shown good faith in the execution of said estate by allowing fees charged to the estate CT Page 14080 of Elsie Bradley to be paid by the estate of Elizabeth Anderson.
With respect to the claim that the court abused its discretion by approving Attorney Pappa's plan to file a motion for summary judgment, the plaintiff simply did not present any evidence on the basis of which this court or any court, could find in her favor. Against this the defendants presented the factual basis for the Probate Court's ruling allowing the summary judgment motion noting in addition that the Probate Court received the advice of Attorney Pappa who was representing the estate and of Attorney Diana who also favored the motion and pointing out the qualifications of the probate judge, an attorney at law and a man of considerable experience in the field of probate law.
With respect to the reason for appeal to the effect that Vincent L. Diana as Administrator c.t.a., d.b.n. of the estate of Elizabeth Anderson has not shown good faith in the execution of said estate by allowing fees charged to the estate of Elsie Bradley to be paid by the estate of Elizabeth Anderson, the payment of the Elsie Bradley fees by Dorothy Anderson out of the funds of the Elizabeth Anderson Estate were accounted for in Dorothy Anderson's final account as executrix of said estate. Said accounting was accepted by the probate court and no appeal was taken therefrom. No evidence was offered to show that the payment out of the Anderson estate was improper. In the absence of such evidence it must be presumed that not only was the probate court aware of the payments but approved of them and all parties are now bound by the decree of the probate court accepting said account.
The claim that the court abused its discretion by approving the accounting of Attorney Diana without hearing the objections of the plaintiff is false. An examination of the transcript of the hearing on Attorney Diana's accounting, pages 2, 15-41
indicates that the plaintiff was given every opportunity to object in person or by her counsel.
The court agrees with the defendants that appeal No. 4 is a wilful violation of Practice Book Section No. 15-5 and the court therefore taxes the plaintiff in favor of the estate as follows:
Transcript $172.00
Counsel fees $500.00 CT Page 14081 ------- Total $672.00
The appeals of the plaintiff are denied and judgment may enter for the defendants as to both cases.
Robert J. Hale State Judge Referee