[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is an appeal from probate. Two motions are under consideration: a motion to dismiss (#104) and a motion to disqualify counsel (#102).
I first consider the motion to dismiss. The defendant Michael Ancona has moved to dismiss the action as to him on the grounds that there have been no summons and complaint filed or served and the service of those items which were served was not sufficient. It is true that there is no summons and complaint. The short answer is that in appeals from probate, there is no summons and complaint in the traditional sense. An "appeal" is initiated by the filing of a motion for appeal filed in the Probate Court, which the judge acts upon, usually in a largely ministerial fashion by signing a decree approving the appeal. The decree is served, providing notice of the proceeding, and the subsequent filing of the reasons for appeal is the equivalent of the filing of the complaint in a usual civil action. See generally Folsom, Probate Litigation in Connecticut 2d (2002), Chapter 7, §§ 7:5 and 7:6; see also Connecticut Probate Practice Book, Chapter V; § 10-76 of the Practice Book;Baskin's Appeal from Probate, 194 Conn. 635, 642 (1984). The claim that there is no jurisdiction because there is no traditional summons and complaint is without substance.
Of more substance is the claim that there was insufficient service of process. The decree of the probate judge contained, properly, an order of notice which directed that notice be served upon Atty. DeMarco, who presumably had filed an appearance on behalf of Michael Ancona in the Probate Court. The order of notice contained language to the effect that process be effected "in the manner prescribed for the service of civil process." See Form 1004.7 of the Practice Book. The return — which for some reason did not appear in the court file — indicates that a copy of the decree was left at Mr. DeMarco's office with a person in charge of the office at the time. Because Mr. DeMarco is an individual, the service is presumably insufficient by the standards of § 52-57 of the General Statutes. It is also clear that Mr. DeMarco has actual notice CT Page 3273 of the proceeding, and that no prejudice has occurred because of any irregularity in the service of process. If this were a usual civil proceeding, the motion would be granted.
Strict requirements of service of process, however, do not apply to appeals from probate. In Coughlin v. Murphy, 134 Conn. 601 (1948), the Supreme Court considered the effect of late service of a decree, which in the ordinary civil proceeding would result in dismissal, at least if timely raised. The court held:
A probate appeal is taken from and allowed by a Probate Court. The notice provided for in 4995[1] is not essential to give the appellate court jurisdiction of the cause. The provision requiring notice is a separate section of chapter 267 from that giving a right of appeal; it relates to the duties of the Court of Probate and not of the appellant; it is merely directory; when the appeal is properly taken and allowed, the jurisdiction of the Superior Court over the cause attaches; the Superior Court will not proceed with the cause until the appellee has had notice of the appeal; and if it does not appear that he has had notice, the court will cause notice to be given before proceeding to trial and judgment. Donovan's Appeal, 40 Conn. 154, 155. In that case we pointed out that these circumstances distinguish probate appeals from actions of which the Superior Court has original jurisdiction, as regards the requirements of service of process.
Coughlan v. Murphy, 134 Conn. 601, 604-05 (1948).
Perhaps because the Superior Court in effect sits as a Probate Court in appeals from probate, strict rules of process have, then, been consistently held to be inapplicable by the Supreme Court, if more fundamental principles of notice have been observed. See, e.g., Georgev. St. Ann's Church, 182 Conn. 322, 324 (1980); Orcutt's Appeal,61 Conn. 378 (1892); see also Barlow v. Pocsay, 21 Conn. Sup. 352
(1959); Waleika v. Chernauskas, 20 Conn. Sup. 134 (1956). But see Berginv. Bergin, 3 Conn. App. 566 (1985).[2]
Under the standards established by the above cases, we look to see if all parties have in fact had notice of the proceedings; if not, appropriate notice is to be ordered. Because there is no doubt on the facts in this case that all parties have in fact received notice, I will not dismiss the case on those grounds. The motion to dismiss is denied.
The second motion, #102, seeks to remove plaintiff's counsel from the case because he allegedly represented the defendant estate in proceedings below and because he will be a necessary witness in the instant matter. CT Page 3274 Plaintiff's counsel argues that he is not a necessary witness and that he has withdrawn his appearance for the other side. Withdrawal of the previous appearance does not necessarily obviate the conflict. See Rule 1.9 of the Rules of Professional Conduct, and commentary. Because facts may be in dispute, counsel shall schedule an evidentiary hearing with the civil caseflow coordinator.
 So ordered. Beach, J.