[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS
Zoja Kaminska has filed a Motion to Dismiss this appeal from the decree of the Probate Court denying admission of the purported last will and testament of Mary Labieniec to probate on the following grounds: 1) the appeal was not timely filed; 2) the appeal was not served on her; 3) the Estate of Mary Labieniec is not a proper party defendant; and 4) the appeal was not properly served on any party.
This case is somewhat unusual because the plaintiff has, essentially, sued herself and the moving party has never been made a party to the action. The unusual procedural posture arises from the nature of the probate process. Mary Labieniec died on February 1993. The plaintiff, the great niece of the decedent by marriage, petitioned the Probate Court to be appointed Administratrix of the estate, representing that the decedent "left no will." The Probate Court appointed the plaintiff Administratrix on June 1, 1993. The plaintiff was represented by Attorney John H. Goodrich, Jr. in the probate proceedings.
In January of 1994 the plaintiff petitioned the Probate Court to probate a will of the decedent, the original of which could not be found. On March 8, 1994 the petition was denied. On March 31, 1994 the plaintiff petitioned the Probate Court for permission to appeal from the denial of the admission of the aforementioned will. That permission was granted by the Probate Judge on April 5, 1994.
The Probate Court issued an order of notice of appeal which ordered that the Appeal be served by mail on John H. Goodrich only. Such mail service was made on April 8, 1994.
Kaminska claims that at sometime after the appointment of the plaintiff as Administratrix, she and another purported relative CT Page 2267 of the decedent, who both reside in Poland, contacted the Probate Court. At some time after the plaintiff filed this Appeal, she was removed as Administratrix of the estate and Thomas Sheridan was appointed as Administrator. He has entered an appearance in this action.
Kaminska has never been made a party to this action, and therefore, were this a civil action, she would clearly have no standing to file this Motion to Dismiss. However, an appeal from a decision of the Probate Court is not a civil action.Silverstein's Appeal from Probate, 13 Conn. App. 45, 53,534 A.2d 1223 (1987). A Superior Court sitting on such an appeal has the power of a Probate Court including the power to join, and give notice to parties who have an interest in the action.Silverstein's Appeal from Probate, supra at 59 George v. St.Ann's Church, 182 Conn. 322, 324, 438 A.2d 97 (1980); Donovan'sAppeal from Probate. 40 Conn. 154, 155-56 (1873); 1 W. Locke P. Kohn, Conn. Probate Practice 202, p. 414.
Kaminska claims to be an heir at law to the decedent. As such, she clearly has an interest in this appeal. Therefore, this court would join Kaminska as a party and it makes no sense to refuse to consider the Motion to Dismiss on the grounds that Kaminska has not been formally denominated a party.
Connecticut General Statutes § 45a-187 provides that "An appeal under section 45a-186 by those of the age of majority and who are present or who have legal notice to be present, shall be taken within thirty days." Kaminska argues that the thirty day period set forth in the above statute begins to run from the date of the decision of the Probate Court, and that this appeal was served 31 days after that decision. The Administrator argues that the appeal period starts to run from the date the Probate Court orders notice of appeal pursuant to § 45a-192. That statute provides that "The court of probate in allowing an appeal, shall make such order of notice to persons interest as it deems reasonable." It is reasonable to construe the statutes together as urged by the Administrator. The Probate Court entered an order of Notice of Appeal on April 5, 1994. This Appeal was served on the defendant on April 8, 1994, well within the 30 day appeals period.
"The statutory notice requirements are not essential to probate appeals. Therefore, the failure to name an adverse party by notice in a probate appeal does not deprive the Superior Court CT Page 2268 of subject matter jurisdiction. The provision allowing an appeal confers upon the party aggrieved an absolute right of which he cannot be deprived by an omission of the Court of Probate. When the appeal is properly taken and allowed, the jurisdiction of the Superior Court over the cause attaches. That court, however, will not proceed with the appeal until all appellees have had notice of the appeal. Any defect in the notice should be corrected before trial. George v. St. Ann's Church, 182 Conn. 322, 324,438 A.2d 97 (1980); Donovan's Appeal from Probate, 40 Conn. 154, 155-56
(1873); 1 W. Locke P. Kohn, Conn. Probate Practice 202, p. 414." Silverstein's Appeal from Probate, supra at 59.
In this case the plaintiff served the Appeal on the only party on whom service was ordered by the Probate Court. Her failure to name other interested parties is not grounds for a dismissal of this action. Therefore, the Motion to Dismiss is denied.
By the court,
Aurigemma, J.